[No. 6258–1. Division One. February 5, 1979.]

PETER BARNES, *Appellant,* v. WASHINGTON NATURAL GAS COMPANY, *Respondent.*

*Sweet & Dussault, William L. E. Dussault,* and *Karen M. Thompson,* for appellant.

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, Robert P. Piper,* and *James L. Austin, Jr.,* for respondent.

*Slade Gorton, Attorney General,* and *Winslow Whitman, Assistant,* on behalf of Washington State Human Rights Commission, amicus curiae.

RINGOLD, J.—Peter Barnes commenced this action against Washington Natural Gas Company (WNGC) under the Washington State Law Against Discrimination (Act) RCW 49.60, for allegedly discharging him from his employment as a handicapped person. Barnes appeals a judgment upon the pleadings finding him without standing to maintain the action.

The issue here is narrow: May a plaintiff claiming not to be handicapped sue under the Act on the grounds that he was discriminatorily discharged under the erroneous belief he suffered a handicap? We answer in the affirmative and reverse the judgment of the trial court.

Our consideration of this matter is limited to the facts alleged in Barnes' complaint.[1]

---

[1]The respondent, WNGC, contends this court should impose sanctions against Barnes for failure to comply with RAP 10.3(a)(4) which requires that a party refer to the record supporting each factual statement in a brief. Barnes' statement of the case contains no reference to the record and recites facts which are not alleged in the complaint. The recitation of facts not supported by the record and outside the pleadings violates the rule. The respondent, however, has not demonstrated that it incurred added expense or was prejudiced. We deny the motion to impose sanctions, and deem this footnote an appropriate reprimand to Barnes' counsel.

Barnes was hired by WNGC in the early part of 1975 as a "helper" on the natural gas line. He alleges that after approximately one month's employment at WNGC his employment was terminated because of an erroneous belief on WNGC's part that he suffered from epilepsy. Barnes contends that he does not now, nor did he ever have, epilepsy. He alleges that his termination by WNGC was based upon a perceived but nonexistent handicap in violation of RCW 49.60.180, which prohibits employers from discharging any person from employment "because of . . . the presence of any sensory, mental, or physical handicap."

After filing its answer and affirmative defenses, a motion for judgment on the pleadings was made by WNGC. The trial court entered judgment dismissing the action, holding:

(1) That those portions of RCW 49.60 which seek to prohibit discrimination on the basis of "any sensory, mental or physical handicap" are unconstitutionally vague and, therefore, void and alternatively,

(2) That plaintiff is without standing to bring an action against defendant pursuant to the provisions of RCW 49.60. . . .

After the determination by the trial court, the Supreme Court in *Chicago, M., St. P. & P. R.R. v. State Human Rights Comm'n*, 87 Wn.2d 802, 557 P.2d 307 (1976), held the provision of the Act pertinent here not unconstitutionally vague. The unconstitutionality of the statute is not argued by WNGC, except we are urged to reverse the ruling that the statute is not unconstitutionally vague for the reasons stated in the respondent *Milwaukee R.R.*'s brief in that case. We refuse the invitation.

RCW 49.60.180 provides:

It is an unfair practice for any employer:

. . .

(2) To discharge or bar any person from employment because of . . . the presence of any sensory, mental, or physical handicap.

The Washington State Human Rights Commission (Commission)[2] has adopted regulation WAC 162-22-040 as follows:

(1) For the purpose of determining whether an unfair practice under RCW 49.60.180, 49.60.190, or 49.60.200 has occurred:

(a) A condition is a "sensory, mental or physical handicap" if it is an abnormality and is a reason why the person having the condition did not get or keep the job in question, or was denied equal pay for equal work, or was discriminated against in other terms and conditions of employment, or was denied equal treatment in other areas covered by the statutes. In other words, for enforcement purposes a person will be considered to be *handicapped* by a sensory, mental, or physical condition if he or she is *discriminated against because of the condition* and the condition is abnormal.

(b) "The presence of a sensory, mental, or physical handicap" includes, but is not limited to, circumstances where a sensory, mental or physical condition:

(e) is medically cognizable or diagnosable;

(ii) exists as a record of history; or

(iii) is perceived to exist, whether or not it exists in fact.

(2) An example of subsection (1)(b)(ii) is a medical record showing that the worker had a heart attack five years ago. An example of subsection (1)(b)(iii) is rejection of a person for employment because he had a florid face and the employer thought that he had high blood pressure, . . .

---

[2] The Washington State Human Rights Commission (referred to as the board in the Act) is the agency established by the Washington State Law Against Discrimination (Act) "with powers with respect to elimination and prevention of discrimination in employment, . . . because of . . . the presence of any sensory, mental, or physical handicap; and the [commission] established hereunder is hereby given general jurisdiction and power for such purposes." RCW 49.60.010. The regulations have been adopted by the Commission to implement its powers to administer the Act pursuant to RCW 49.60.120:

"The [commission] shall have the functions, powers and duties: . . .

"(3) To adopt, promulgate, amend, and rescind suitable rules and regulations to carry out the provisions of this chapter, and the policies and practices of the [commission] in connection therewith."

## WNGC Contentions

WNGC contends that as a general rule an employee, unless otherwise protected by contract or statute, is subject to termination at will by his employer with or without good cause. The legislature has made an exception to this general principle of law in the Act. The Act prohibits discharge from employment "because of . . . the *presence* of any sensory, mental or physical condition." (Italics ours.) WNGC then reasons that the words "presence of" limits the class protected by the Act to those persons who are actually afflicted with a sensory, mental or physical handicap and that Barnes, by alleging that he does not have epilepsy is therefore excluded. WNGC further contends that the regulations adopted by the Commission exceed the authority granted by the legislature, *i.e.*, that the authority is limited only to designating persons who have the handicap.

 The scope of review has recently been articulated by this court in *Frame Factory v. Department of Ecology*, 21 Wn. App. 50, 54, 583 P.2d 660 (1978):

> There is a presumption that the regulation is valid, and the burden of challenging it is upon the party attacking it. *See Weyerhaeuser Co. v. Department of Ecology*, 86 Wn.2d 310, 314, 545 P.2d 5 (1976). Our review in such situations generally is limited to determining whether the regulation is reasonably consistent with the statute it purports to implement. *Weyerhaeuser Co. v. Department of Ecology, supra.*

The issue in a recent case decided by our Supreme Court, *Washington Power Co. v. State Human Rights Comm'n*, 91 Wn.2d 62, 586 P.2d 1149 (1978), concerned a rule promulgated by the Commission defining an unfair practice in employment proscribed by the statute, RCW 49.60.180 as discrimination based on "marital status." The employer had adopted a policy whereby it refused to hire a spouse of an employee, requiring termination of one of two employees who marry. The Commission determined that where no actual business necessity was shown, this policy constitutes

discrimination and adopted its proscriptive rule. In the action for declaratory judgment the trial court held that the words "marital status" in the statute should be given their literal meaning, denoting only the fact whether one is or is not married, and that the Commission exceeded its authority when it adopted the rule.

The Supreme Court reversed, holding:

> Reading this chapter as a whole, it is apparent that the legislature intended to give to the commission broad powers to investigate and formulate policies with respect to practices which involve discrimination based upon those attributes, conditions, and situations which it had found to constitute an unfair basis for such discrimination. It did not attempt to designate all of the practices which constitute such discrimination, but rather gave the board the authority to do so, after conducting the investigations, consultations and hearings provided for in the chapter.

*Washington Power Co. v. State Human Rights Comm'n, supra* at 67–68.

■ The Commission here has been granted broad discretion and responsibility for administration of the Act. We must rely upon and give weight to the Commission's interpretations of the statute reflected in its regulations. As the court stated in *Retail Store Employees Union Local 1001 v. Washington Surveying & Rating Bureau,* 87 Wn.2d 887, 898, 558 P.2d 215 (1976):

> We may place greater reliance than usual upon an administrative statutory interpretation in this case because the Commissioner has been entrusted with very broad discretion and responsibility in the administration of RCW 48.19.170(2)(b) and the other statutes regulating rating organizations.

*See Ball v. Smith,* 87 Wn.2d 717, 723, 556 P.2d 936 (1976).

With the foregoing rules of construction in mind, and recognizing that the legislature has directed that the Act be liberally construed, RCW 49.60.020, we must determine whether regulation WAC 162–22–040(1)(b)(iii) is valid.

■ It is the intent of the legislature to prohibit discrimination in employment against a person with a sensory handicap. It would be an anomalous situation if discrimination in employment would be prohibited against those who possess the handicap but would not include within the class a person "perceived" by the employer to have the handicap.

The essence of unlawful employment discrimination is the application of unreasonable generalizations about people to the hiring, promotion and discharge of workers. Race, religious creed and sex are among the prohibited criteria for judging workers' qualifications because of the prejudgments often made on the basis of these characteristics. Proscriptions of discrimination against handicapped persons were added to RCW 49.60 in 1973 because of similar prejudgments often made about persons afflicted with sensory, mental or physical handicaps, such as epilepsy.

Just as the person who is perceived as belonging to a noncaucasian racial or ethnic group may be discriminated against because of his or her perceived racial characteristics, a person who is perceived to be afflicted with epilepsy may be discriminated against because of his or her perceived handicap even though that perception turns out to be false in either case. It would defeat legislative purpose to limit the handicap provisions of the law against discrimination to those who are actually afflicted with a handicap, such as epilepsy, and exclude from its provision those perceived as having such a condition. Prejudice in the sense of a judgment or opinion formed before the facts are known is the fountainhead of discrimination engulfing medical disabilities which prove on examination to be unrelated to job performance or to be nonexistent. The intent of the law is to protect workers against such prejudgment based upon insufficient information. The law's application, therefore, should not be limited to those who actually have handicaps, excluding those who are discriminated against in the same way because they are only thought to have handicaps.

It makes no difference to the employee whether he is discharged because he, in fact, has epilepsy or that the employer perceives or believes that he has. The employer has terminated the employment for the same reason—a reason which constitutes discrimination contrary to the provisions of the statute. The class protected by the statute is those persons whom the employer discharges or intends to discharge because he believes the person is afflicted with a "mental, sensory, or physical handicap."

Public policy, expressed by the Act to eliminate and prevent discrimination in employment requires protecting from discriminatory practices both those perceived to be handicapped as well as those who are handicapped.

The employer is fully protected. The Act provides "That the prohibition against discrimination because of such handicaps shall not apply if the particular disability prevents the proper performance of the particular worker involved." RCW 49.60.180(1).

We hold that the Commission regulation WAC 162–22–040(1)(b)(iii) is within the scope of the Act. Barnes has standing to maintain this action.

This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

ANDERSEN, A.C.J., and SWANSON, J., concur.