185 N.J. Super. 109 (1982)
447 A.2d 598
SYLVESTER ROGERS, COMPLAINANT-RESPONDENT,
v.
CAMPBELL FOUNDRY, CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 17, 1982.
Decided June 18, 1982.
*110 Before Judges BOTTER, ANTELL and FURMAN.
Leslie Schwartz argued the cause for appellant (Craner & Nelson, attorneys; Leslie Schwartz on the brief).
*111 Susan L. Reisner, Deputy Attorney General, argued the cause for respondent Division on Civil Rights (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James R. Zazzali, former Attorney General of New Jersey, and Kenneth I. Nowak, Deputy Attorney General, on the brief).
The opinion of the court was delivered by ANTELL, J.A.D.
Respondent appeals from an order by the Director of the Division on Civil Rights finding respondent guilty of unlawful discrimination in employment, ordering payment of $7,714.30 back pay to complainant together with $1,371.17 interest and an additional award of $750 for pain, suffering and humiliation.
On August 4, 1977 complainant applied to respondent for employment as a laborer. X-rays that were taken as part of a pre-employment physical examination disclosed a "prominent hilar shadow on his left side," and he was denied employment by reason thereof. This determination was made by respondent pursuant to its standing policy of rejecting all job applicants with lung scarring or other markings. The policy rested upon the company's asserted belief that because of the silica dust present in the foundry, such persons would have a significant predisposition to contract silicosis or pneumoconiosis on the job.
The Director found on uncontradicted evidence that the hilar shadow was produced by a calcification process within the lung which is perfectly normal and nondisabling and would not predispose complainant to any of the aforementioned lung diseases if he were permitted to work in the foundry environment. The Director also found that respondent's decision not to employ complainant "was not reasonably arrived at, was unjustifiable and not based upon supportable and reputable scientific evidence." These findings are supported by substantial credible evidence in the record as a whole and will not be disturbed. Close v. Kordulak Bros., 44 N.J. 589, 598-99 (1965).
*112 The sole remaining issue presented on this appeal is whether the Director's finding that complainant was not disabled places complainant outside the class of persons protected by the Law Against Discrimination, N.J.S.A. 10:5-1 et seq., even though he was concededly "perceived" as a handicapped person by respondent.
In the recently decided case of Andersen v. Exxon Company, U.S.A., 89 N.J. 483 (1982), the Supreme Court adhered to the rule that in a discrimination case such as this the complainant "has the burden of proving that he was physically handicapped at the time that he applied for the part-time employment with Exxon." 89 N.J. at 493. However, at 495, n. 2, it distinguished the case before it from a "`perceived disability'" case. Citing Barnes v. Washington Natural Gas Co., 22 Wash. App. 576, 591 P.2d 461 (Ct.App. 1979), and Dairy Equip. Co. v. Dept. of Industry, etc., 95 Wis.2d 319, 290 N.W.2d 330 (Sup.Ct. 1980), the court went on to state its agreement with the proposition that
... [p]rejudice in the sense of a judgment or opinion formed before the facts are known is the fountainhead of discrimination engulfing medical disabilities which prove on examination to be unrelated to job performance or to be non-existent.
The cases cited clearly stand for the rule that those perceived as suffering from a particular handicap are as much within the protected class as those who are actually handicapped. In Barnes v. Washington Natural Gas Co., supra, the court put it thus:
It would defeat legislative purpose to limit the handicap provisions of the law against discrimination to those who are actually afflicted with a handicap, such as epilepsy, and exclude from its provision those perceived as having such a condition ... The law's application, therefore, should not be limited to those who actually have handicaps, excluding those who are discriminated against in the same way because they are only thought to have handicaps. [591 P.2d at 465]
In Dairy Equip. Co. v. Dept. of Industry, etc., supra, the court said:
It would be both ironic and insidious if the legislative intent in providing the protection of the Fair Employment Act were afforded to persons who actually have a handicap that makes "achievement unusually difficult" or limits their capacity to work, but the same protection is denied to those whom employers perceive as being handicapped. [290 N.W.2d at 335]
*113 We understand the import of footnote 2 in Andersen to be that where, as here, the physical condition perceived by the prospective employer as constituting a handicap is actually normal and nondisabling, the provisions of the Law Against Discrimination, N.J.S.A. 10:5-1 et seq., are nevertheless applicable.
Finally, we find the award of $750 in damages for "pain, mental suffering and humiliation" is supported by complainant's testimony and the findings of the Director.
Affirmed.