Mable Y. BURNAM, Plaintiff-Appellant,

v.

AMOCO CONTAINER COMPANY, Defendant-Appellee.

No. 84–8442

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 20, 1985.

---

Jay W. Bouldin, Jonesboro, Ga., for plaintiff-appellant.

Charles A. Edwards, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Burnam appeals the dismissal of her action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 *et seq.*[1] The district court held that the case was time-barred because Burnam did not file her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged unlawful practice as required by 29 U.S.C.A. § 626(d)(1). We affirm.

Burnam was discharged by appellee Amoco Container Company (Amoco) on October 9, 1982, but did not file her charge with the EEOC until June 6, 1983, more than 180 days later. Burnam argues, however, that additional discrimination practiced by Amoco occurred on May 23, 1983, the date on which Burnam applied to be rehired for the same position and on which Amoco refused to do so. She argues that this refusal to rehire constituted a new and continuing violation of the ADEA. We realize that the 180 day filing requirement is not jurisdictional and, thus, like a statute of limitations, it is subject to waiver, estoppel and equitable tolling. *Zipes v. Trans-World Airlines, Inc.,* 455 U.S. 385, 395 n. 11, 102 S.Ct. 1127, 1133 n. 11, 71 L.Ed.2d 234 (1982); *Allison v. Western Union Telegraph Co.,* 680 F.2d 1318, 1323 (11th Cir. 1982); (EEOC filing requirement under Title VII, like that under ADEA, is not jurisdictional).[2] However, a failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act. *Collins v. United Airlines, Inc.,* 514 F.2d 594, 596 (9th Cir.1975) (Title VII). Otherwise, a potential plaintiff could always circumvent the limitations by reapplying for employment. A simple request for reinstatement "seeks to redress the original termination." *Id.* at 596; *accord National Labor Relations Board v. Auto Ware-*

---

1. This appeal was the subject of a prior published opinion of this court. In *Burnam v. Amoco Container Co.,* 738 F.2d 1230 (11th Cir.1984), we held that Burnam's appeal had been timely noticed within the meaning of Fed.R.App.P. 4(a)(1).

2. The Supreme Court has indicated that questions concerning the time requirements for fil-

ing an EEOC charge under Title VII and the ADEA and for filing an unfair labor practice charge with the National Labor Relations Board call for parallel analysis. *Zipes v. TransWorld Airlines, Inc.,* 455 U.S. 385, 395 n. 11, 102 S.Ct. 1127, 1133 n. 11, 71 L.Ed.2d 234 (1982) (noting that the ADEA was modeled after Title VII).

*housers, Inc.,* 571 F.2d 860 (5th Cir.1978) [3] (relating to six month period for filing of unfair labor practice charge). Here, the original termination occurred on October 9, 1982, more than six months prior to the filing of the EEOC charge. Thus, Burnam's claim is time-barred. "Were we to hold otherwise, we would undermine the significance of the Congressionally mandated [180]-day limitation period." *Collins,* 514 F.2d at 596.

AFFIRMED.[4]

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**4.** Burnam also argues that the 180 day period was tolled because she was "medically unable to

return to work" for a long period of time subsequent to her termination. Because Burnam raised this issue for the first time on appeal, we decline to address it.

Amoco's motion for imposition of sanctions is DENIED.