Kirk MOWAT, Appellant,

v.

TRANSPORTATION UNLIMITED, INC., Appellee.

No. 92–1097.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Dec. 4, 1992.

Thomas M. Werner, Des Moines, IA, for appellant.

Patricia J. Martin, Des Moines, IA, Sanford Gross, Willoughby Hills, OH, appeared on the brief, for appellee.

Before WOLLMAN, Circuit Judge, and BRIGHT and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Kirk Mowat appeals from the district court's[1] grant of summary judgment to Transportation Unlimited, Inc. in Mowat's state law discrimination suit. We affirm.

Mowat began working as a delivery truck driver for Transportation Unlimited in February 1983. In November 1985, Mowat injured his shoulder while on the job. After Mowat's shoulder surgery and several months of physical therapy, Transportation Unlimited fired Mowat in July 1986 stating that Mowat could no longer perform his duties as a driver. Mowat sued Transportation Unlimited under the Iowa Civil Rights Act, Iowa Code § 601A.6 (1988) (the Act), invoking the federal court's diversity jurisdiction. Mowat claimed that he had a "disability" as defined by the Act and that he had been terminated in violation of the Act. The district court granted Transportation Unlimited's motion for summary judgment finding that Mowat did not have a disability and therefore was not entitled to protection under the Act.

We review a grant of summary judgment using the same standard as is to be applied by the district court. We view the evidence in the light most favorable to the nonmoving party and give the nonmoving party the benefit of all reasonable inferences drawn from the evidence. *Moore v. Webster*, 932 F.2d 1229, 1230–31 (8th Cir.1991). The issue before us is whether "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Iowa Civil Rights Act "prohibits, as an unfair and discriminatory practice, the discharge of any employee because of the employee's disability, unless the discharge was 'based on the nature of the occupation.'" *Probasco v. Iowa Civil Rights Comm'n*, 420 N.W.2d 432, 434 (Iowa 1988) (quoting Iowa Code § 601A.6(1)(a) (1981)). To be afforded the protections of the Iowa Civil Rights Act, a plaintiff must first establish that he or she is a member of a class which the statute protects. *See id.* In the present case, Mowat had to show that he had a "disability," which is defined by the Act as "the physical or mental condition of a person which constitutes a substantial handicap." Iowa Code § 601A.2(11) (1988). The Iowa Supreme Court has explained that "[a]n impairment that interferes with an individual's ability to do a particular job but does not significantly decrease that individual's ability to obtain satisfactory employment otherwise is not substantially limiting within our statute." *Probasco*, 420 N.W.2d at 436.

■ There is little factual dispute as to the extent of Mowat's shoulder injury. As a result of the injury, Mowat is essentially unable to lift objects above shoulder-height. Transportation Unlimited contends it terminated Mowat because his duties as a delivery truck driver included lifting objects over his head. Mowat was terminated in July 1986 and since January 1987 has been almost continuously employed as a truck driver. The district court, relying on *Probasco*, found that Mowat's shoulder injury did not amount to a disability under the Act. We see no error in this ruling.

On appeal, Mowat argues that after the district court's decision in this case, the Iowa Supreme Court retreated from the position taken in *Probasco*. *See Henkel v. Iowa Civil Rights Comm'n*, 471 N.W.2d 806, 810 (Iowa 1991) ("We reject the implication from *Probasco* that one must be almost unemployable because of one's impairment to be considered disabled [under the Act]."). We need not discuss in detail, however, the extent to which *Henkel* changes the rule announced in *Probasco*. In *Henkel*, the court found that "[u]nlike *Probasco*, [the plaintiff's] mental condition was generally debilitating and would affect him regardless of the job he might hold." *Henkel*, 471 N.W.2d at 806. There is no

---

1. The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

evidence that Mowat's shoulder injury is "generally debilitating," nor is there any evidence that the injury prevents Mowat from working as a truck driver. *Henkel* does not affect the district court's decision in this case.

 Mowat also argues that because Transportation Unlimited "perceived" him as being disabled, he is disabled under the Act. He cites several sections of the Iowa Administrative Code to support his argument. This argument, which was rejected by the Iowa Supreme Court in *Annear v. State*, 454 N.W.2d 869, 874–75 (Iowa 1990), is without merit.

The district court's grant of summary judgment is affirmed.