Susan HOWELL, Appellant,

v.

MERRITT COMPANY, Appellee.

No. 97–323.

Supreme Court of Iowa.

Oct. 21, 1998.

Curt Krull, Des Moines, for appellant.

J.D. Hartung of the Crawford Law Firm, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and TERNUS, JJ.

PER CURIAM.

The plaintiff appeals from the district court order granting the defendant's motion for summary judgment on her discriminatory discharge claim based upon a perceived disability. She claims the district court erred in finding (1) Iowa law does not recognize perceived disability claims, and (2) she failed to produce any evidence to rebut the defendant's nondiscriminatory reason for her discharge. We agree, and reverse and remand for further proceedings.

## I. *Factual Background and Prior Proceedings.*

On April 25, 1994, the defendant, Merritt Company, hired the plaintiff, Susan Howell, to clean houses. Merritt discharged Howell on April 28 after only 12.5 hours of work. Howell filed a discriminatory discharge complaint with the Iowa Civil Rights Commission and received a right-to-sue letter. She then filed a petition against Merritt under the Americans with Disabilities Act (ADA) and

the Iowa Civil Rights Act (ICRA). Howell claimed Merritt discharged her based upon a disability or upon a perception that she had a disability. She specifically alleged she was discharged the day after she wore a TENS unit[1] to work. According to Howell, Merritt gave the following reasons for her discharge: (1) her back condition would prevent her from doing her job; (2) her back condition was too much of a liability for the company; and (3) the company's customers would be embarrassed to have Howell work in their homes with a TENS unit.

Merritt filed a motion for summary judgment alleging it was not covered by the ADA because it only employed thirteen persons[2] at the time of the incident, and Howell was not a disabled person under the ICRA. Merritt argued Howell was discharged due to poor performance and complaints from customers.

Howell filed a resistance to the motion, conceding the ADA did not apply to her case. She asserted, however, there were genuine issues of material fact regarding her claim under the ICRA because she was terminated for her disability or perceived disability and not for poor performance.

The district court granted Merritt's motion for summary judgment. It found there was no evidence to show Howell had any physical or mental impairments. The court also stated Iowa law does not recognize perceived disability claims, citing *Annear v. State,* 454 N.W.2d 869 (Iowa 1990). The court rejected Howell's suggestion that *Annear* should be overruled in light of federal precedent interpreting analogous provisions of the ADA. It further concluded summary judgment was appropriate because Howell failed to rebut Merritt's nondiscriminatory reason for her discharge—her poor performance.

Howell appeals. She concedes she does not have an actual disability, but alleges Merritt improperly terminated her due to a perceived disability. She urges us to re-examine *Annear* and determine Iowa law recognizes such claims. Howell further asserts

---

1. A TENS unit is a battery-operated medical device used to alleviate chronic back spasms and headaches.

2. The ADA covers employers with at least 15 employees. *See* 42 U.S.C. § 12111 (1995).

the district court erred in ruling, as a matter of law, that she did not rebut Merritt's proffered nondiscriminatory reason for the termination.

## II. *Standard and Scope of Review.*

We review a summary judgment ruling for correction of errors of law. *Shriver v. City of Okoboji*, 567 N.W.2d 397, 400 (Iowa 1997). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* We will review the record before the district court to determine whether an issue of material fact exists, and if not, whether the district court properly applied the law. *Id.* The record includes the pleadings, motion for summary judgment, resistance, affidavits, and exhibits. *Porter v. Good Eavespouting*, 505 N.W.2d 178, 182 (Iowa 1993). The facts are reviewed in the light most favorable to the nonmoving party. *Shriver*, 567 N.W.2d at 400. A factual dispute precludes summary judgment only when the dispute is over facts that would affect the outcome of the suit. *Id.*

## III. *Perceived Disability Claim.*

Howell claims the ICRA protects an employee discharged based upon a perceived disability.

Our civil rights act prohibits "the discharge of any employee because of the employee's disability, unless the discharge was based upon the nature of the occupation." *Henkel Corp. v. Iowa Civil Rights Comm'n*, 471 N.W.2d 806, 809 (Iowa 1991); *accord* Iowa Code § 216.6(1)(a) (1995). Pursuant to Iowa Code section 216.2(5), disability means "the physical or mental condition of a person which constitutes a substantial handicap." The administrative rules define a "substantially handicapped person" as "any person who has a physical or mental impairment which substantially limits one or more major

life activities, has a record of such an impairment, or *is regarded as having such an impairment.*" Iowa Admin. Code r. 161–8.26(1) (emphasis added). Iowa Administrative Code rule 161–8.26(5) defines "is regarded as having an impairment" to include individuals perceived as having a mental or physical impairment.[3]

We have looked to the ADA and cases interpreting its language when considering disability discrimination claims under our civil rights act because of the similarity of legal principles and analytical framework. *See Fuller v. Iowa Dep't of Human Servs.*, 576 N.W.2d 324, 329 (Iowa 1998); *Bearshield v. John Morrell & Co.*, 570 N.W.2d 915, 918 (Iowa 1997). We did not have the benefit of the guidance of the ADA in *Annear*, as *Annear* was decided prior to the ADA's enactment.

Under the ADA, the term "disability" specifically embraces individuals regarded as having mental or physical impairments. *See* 42 U.S.C. § 12102 (1995). Accordingly, the federal courts have recognized discrimination claims based upon perceived disabilities. *See Wooten v. Farmland Foods*, 58 F.3d 382, 385 (8th Cir.1995). Our statutory definition of "disability" is similar, *see Bearshield*, 570 N.W.2d at 918, and our administrative rule 161–8.26(1), which encompasses perceived disabilities within the definition of "substantially handicapped person," essentially mirrors the ADA's definition of "disability." *Compare* Iowa Admin. Code r. 161–8.26(1) *with* 42 U.S.C. § 12102(2).

Although we agree with the conclusion of the district court that *Annear* should not be overruled, we believe that the court misinterpreted the extent to which *Annear* rejected the concept of perceived disability. There is no indication in that decision that perceived disability as such is an unwarranted extension of our disability discrimination laws. As

**3.** This rule provides:

The term "is regarded as having an impairment" means:

a. Has a physical or mental impairment that does not substantially limit major life activities but that is perceived as constituting such a limitation;

b. Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or

c. *Has none of the impairments defined to be "physical or mental impairments," but is perceived as having such an impairment.*

(Emphasis added.)

we subsequently recognized in *Bearshield*, 570 N.W.2d at 922–23, there are strong public policy reasons for recognizing perceived disability claims. Inclusion of such claims under our civil rights act prevents adverse employment consequences based upon prejudices, ignorance, and stereotypes regardless of whether the individual has an actual physical or mental disability.[4]

Our opinion in *Annear* only identified one situation that we concluded bears no relationship to the purposes of the perceived disability doctrine. The situation to which *Annear* spoke was a disagreement between the employer and the employee as to whether a particular injury had healed sufficiently to enable the employee to return to work. *Annear* held that, if the employer makes an ad hoc decision based on circumstances relating to the particular injury, it may not be found guilty of disability discrimination simply because its decision was demonstrably wrong.

We continue to agree with our *Annear* holding because the employer's decision in that case was based on an individualized assessment and in no way rested on myths, fears, or stereotypes, the situations at which the perceived disability doctrine is aimed. *See Bearshield*, 570 N.W.2d at 923 (holding ICRA generally requires an "individualized assessment" of the employee's ability to perform the job). In the present case, however, a fact finder could determine, based on the matters presented to the district court in deciding the summary judgment motion, that Merritt's decision to terminate Howell was based in part on a perception of disability associated with her use of the TENS device. That justification does suggest a reliance on stereotypes rather than an ad hoc evaluation of Howell's physical condition.

#### IV. *Nondiscriminatory Reason for Howell's Termination.*

■ The district court alternatively granted Merritt summary judgment because it determined, as a matter of law, that Howell

did not rebut Merritt's nondiscriminatory reason for her termination—her poor performance. We disagree.

In her petition, Howell claimed Merritt informed her she was terminated because she could not perform the job due to her back injury, her disability was a liability for the company, and its customers would be embarrassed by her TENS unit. These allegations, combined with (1) the proximity in time between Howell wearing the TENS unit and her discharge (one day), and (2) the extremely short period of employment used by Merritt to judge her overall performance (12.5 hours), generate factual issues that directly impact the outcome of this case. In viewing the evidence in the light most favorable to Howell, a reasonable jury could infer Merritt discharged Howell based upon a perceived disability. Disposition by summary judgment was therefore inappropriate.

#### V. *Disposition.*

We reverse the district court ruling granting the defendant summary judgment and remand for further proceedings. The defendant's request for attorney fees and costs is denied.

**REVERSED AND REMANDED.**

---

4. We note that other jurisdictions acknowledge perceived disability claims under their respective state laws. See *Bogue v. Better-Bilt Aluminum Co.*, 179 Ariz. 22, 875 P.2d 1327 (Ariz.Ct.App. 1994); *Colorado Civil Rights Comm'n v. North Washington Fire Protection Dist.*, 772 P.2d 70 (Colo.1989); *Cook v. Atoma Int'l of Am., Inc.*, 930 S.W.2d 43 (Mo.Ct.App.1996); *Primeaux v. Conoco, Inc.*, 961 S.W.2d 401 (Tex.App.1997); *Barnes v. Washington Natural Gas Co.*, 22 Wash.App. 576, 591 P.2d 461 (Wash.Ct.App.1979).