Michael D. GOODMAN,
Plaintiff—Appellee,

v.

SEARS ROEBUCK & CO.,
Defendant—Appellant.

No. 02–36114.

D.C. No. CV–00–00460–WFN.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2004.*

Decided Jan. 15, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**410**

Steven C. Lacy, Lacy & Kane, P.S., East Wenatchee, WA, for Plaintiff–Appellee.

Wayne W. Hansen, Katheryn Bradley, Elizabeth L. Van Moppes, Jackson Lewis LLP, Seattle, WA, for Defendant–Appellant.

Before GRABER, TALLMAN, and CLIFTON, Circuit Judges.

MEMORANDUM**

Sears, Roebuck & Co. ("Sears") appeals the district court's judgment in favor of Michael Goodman on his claim for age discrimination under the Washington Law

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Against Discrimination (WLAD), Wash. Rev.Code § 49.60.180(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part but remand for clarification on the damages award.

■ Sears first claims that the district court erred by requiring it to prove through "conclusive" or "uncontroverted independent evidence" that its decision to terminate Goodman was not based on his age. We review this question of state law de novo. *See Howard v. United States,* 181 F.3d 1064, 1066 (9th Cir.1999). The district court did not require Sears to bear the ultimate burden of proof; its order simply quoted from *Hill v. BCTI Income Fund–I,* 144 Wash.2d 172, 23 P.3d 440, 448 (2001) (in turn quoting *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). The court properly held Goodman to his burden of establishing that Sears' proffered reasons for his termination were pretextual, and it had sufficient evidence to find that Goodman met this burden.

We do not agree that the district court improperly substituted its business judgment for Sears' when it found (1) that Goodman paid an objectively fair price for his car repairs; (2) that he did not engage in willful misconduct or dishonesty; and (3) that he was therefore entitled to application of Sears' progressive discipline policy. Sears directs our attention to *Clark v. Sears Roebuck & Co.,* 110 Wash.App. 825, 41 P.3d 1230, 1233 (2002), but *Clark* is distinguishable because the terminated at-will employee in that case was not making a discrimination claim. *Id.* at 1231. Employees-at-will are protected against discrimination under the WLAD, *Barnes v. Wash. Natural Gas Co.,* 22 Wash.App. 576, 591 P.2d 461, 463 (1979), and the WLAD requires fact-finders to assess the motives behind employment decisions even though that assessment may second-guess an em-

ployer's business judgment. We review the court's factual findings for clear error, *Howard,* 181 F.3d at 1066, and we find none.

■ Sears next contends that the district court erred by considering the fact that the two non-managerial employees involved in Goodman's alleged misconduct were not disciplined, and by rejecting Sears' evidence that similarly situated managers throughout the company received the same discipline as Goodman. If Goodman had alleged disparate *impact* (that an employer's facially neutral rule disproportionately harmed employees with a protected characteristic), he would have been required to prove that he was treated more harshly than similarly situated, non-protected employees. *See Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1181 n.4, 1183–88 (9th Cir.2002); *Johnson v. Dep't of Social & Health Servs.,* 80 Wash.App. 212, 907 P.2d 1223, 1231–32 (1996). However, Goodman's claim was for disparate *treatment* (intentional discrimination), which does not require a comparative showing. *See Pottenger v. Potlatch Corp.,* 329 F.3d 740, 745–46 (9th Cir.2003). The district court has "broad discretion in deciding what evidence is relevant, reliable, and helpful," *see Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 919 (9th Cir. 2001), and this discretion was not abused when the court considered Sears' treatment of all the employees involved in this incident.

■ Sears' argument that the district court subjected its internal investigation to procedural due process standards is without merit. The facts surrounding Sears' investigation were properly considered as circumstantial evidence of discriminatory intent; the court clearly did not require Sears to comply with the procedural due process standards that govern public actors.

■ The district court also did not err by considering the retirement-related remarks made by Deines, a participant in the investigation of Goodman. Unlike the stray remarks at issue in *Nesbit v. Pepsico Inc.*, 994 F.2d 703, 705 (9th Cir.1993) (per curiam), and *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 915, 918–19 (9th Cir. 1996), Deines' remarks were not generic or ambiguous comments about older workers in general. Instead, Deines specifically approached Goodman about his retirement plans on multiple occasions. This is circumstantial evidence that is relevant to Goodman's claim, and it was properly considered by the court under FED.R.EVID. 402. Although Deines' remarks may be insufficient on their own to establish discriminatory intent, the district court did not err by considering these comments along with the other circumstantial evidence in this case. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir.2003) ("All of the evidence—whether direct or indirect—is to be considered cumulatively.").

■ Finally, we address Sears' contention that the district court erred by awarding Goodman $166,000 in damages. A district court's damage calculation is a finding of fact that we review for clear error. *Amantea–Cabrera v. Potter*, 279 F.3d 746, 750 (9th Cir.2002). "If the district court's findings are sufficient to indicate the factual basis for its ultimate conclusion, in light of the record viewed in its entirety, then [a damage award] is not clearly erroneous." *Id.* In this case, the district court's findings of fact state only that Goodman is owed "$166,000 from the loss of past and future wages, social security benefits, health care benefits, 401K benefits, and a pension plan, reduced to present value." This finding is not sufficiently detailed to "provide meaningful appellate review" on the objections to each element raised by

Sears. *Id.; see also* FED. R. CIV. P. 52(a). In particular, we find no evidence or testimony in the record to support the award of 401K benefits.

The decision of the district court is affirmed on the determination of liability. As to damages, the amount of the judgment is vacated and the case is remanded for the purpose of entering supplemental findings of fact in which the district court should "at least state the elements and the method of computation of damages allowed and the amount awarded for each allowed element. The district court may, in its discretion, take additional testimony on the matter of damages[.]" *Carpenters Local 1273 of United Bhd. of Carpenters & Joiners of Am. v. Hill*, 398 F.2d 360, 363 (9th Cir.1968).

**AFFIRMED in part; REVERSED in part; VACATED and REMANDED. Sears shall bear all costs on appeal.**