**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUKE YEAGER, | No. 14-35348 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00360-LRS |
| v. | |
| KAISER ALUMINUM WASHINGTON, LLC, a Delaware limited liability company, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted October 5, 2016[**]
Seattle, Washington

Before: W. FLETCHER, FISHER, and N.R. SMITH, Circuit Judges.

Luke Yeager appeals the district court's grant of summary judgment to

Kaiser Aluminum Washington, LLC. We affirm the ruling of the district court.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.  The district court correctly dismissed Yeager's claim against Kaiser, because he failed to establish a prima facie case of disability discrimination. To establish a prima facie case of disability discrimination, Yeager must show he "(1) was within the protected group; (2) was discharged; (3) was replaced by a person outside the group; and (4) was qualified to do the job." *Kastanis v. Educ. Emps.Credit Union*, 859 P.2d 26, 30 (Wash. 1993) (en banc). He does not make it past the first prong.

Yeager does not contend he was actually disabled at the time of his termination; instead he maintains only that he was "perceived" as disabled.[1] To establish that he was perceived as disabled, Yeager must show that Kaiser "believe[d] either that [Yeager had] a substantially limiting impairment that [he did] not have or that [he had] a substantially limiting impairment when, in fact, the impairment [was] not so limiting." *EEOC v. United Parcel Serv., Inc.*, 306 F.3d 794, 803 (9th Cir. 2002) (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999)); *see also Barnes v. Wash. Nat. Gas Co.*, 591 P.2d 461, 465 (Wash. Ct. App. 1979) ("The class protected by the statute is those persons whom the employer discharges or intends to discharge because he believes the person is

---

[1] Washington law prohibits employment discrimination based on an employee's actual or perceived disability. *See* Wash. Rev. Code §§ 49.60.180(2) (2007), 40.60.040(7)(a)(i-iii) (2009).

2

afflicted with a 'mental, sensory, or physical handicap.'").[2] Yeager can only survive summary judgment if a reasonable judge or jury could find that his perceived disability was a "substantial motivating factor" in Kaiser's decision to terminate him. *Hines v. Todd Pac. Shipyards Corp.*, 112 P.3d 522, 529 (Wash. Ct. App. 2005).

Kaiser's labor relations manager made the decision to terminate Yeager. There is no evidence in the record indicating that the labor relations manager knew anything about Yeager's medical condition or medical treatment. Further, Yeager does not allege that the labor relations manager perceived him as disabled. He alleges only that his nurse care manager perceived him as disabled and that this perception should be imputed to the labor relations manager. Even if the nurse care manager's alleged perception were imputed to the labor relations manager, Yeager could not demonstrate on this record that the imputed perception motivated his termination. Therefore, Yeager's disability claim fails.[3]

---

[2] Washington courts look to federal case law interpreting the Americans with Disabilities Act to guide their interpretation of the Washington Law Against Discrimination. *See Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 197 (Wash. 2014) (en banc).

[3] For the same reason, Yeager's allegation that the nurse care manager's perception should be imputed to Kaiser under a "cat's paw" theory does not provide a basis for relief.

2. Because Yeager failed to establish he was perceived as disabled, we need not determine whether Kaiser's articulated reason for terminating Yeager was a pretext for discrimination.

3. The district court correctly denied Yeager's claims for failure to accommodate and failure to engage in the interactive process of providing an accommodation. Under Washington law, an employee is only entitled to an accommodation if the employee "in fact" has an impairment that substantially limits his ability to work. *See* Wash. Rev. Code § 49.60.040(7)(d) (2009); *see also Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1232-33 (9th Cir. 2003). Yeager's claims fail because he alleges only perceived disability, not disability in fact.

4. Yeager argues that the district court erred in denying his motions to strike. However, Yeager fails to provide reasoning in his briefs, explaining how the district court abused its discretion. An appellant must provide reasoning for its position on appeal. *See Resnick v. Netflix, Inc. (In re Online DVD-Rental Antitrust Litig.)*, 779 F.3d 914, 930 (9th Cir. 2015).

**AFFIRMED.**