United States Court of Appeals,

Eleventh Circuit.

No. 96-8647.

Donald R. JONES, James Dunnavant, Brent S. Morris, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

CITY OF COLUMBUS, GEORGIA, Defendant-Appellee.

Aug. 26, 1997.

Appeal from the United States District Court for the Middle District of Georgia. (No. 4:95-CV-98), J. Robert Elliott, Judge.

Before EDMONDSON, Circuit Judge, and KRAVITCH and HENDERSON, Senior Circuit Judges.

PER CURIAM:

The plaintiffs-appellants filed this action premised on the Fair Labor Standards Act alleging that the City of Columbus, Georgia ("City") had failed to compensate them for all the overtime hours they worked as employees of the Emergency Medical Services ("EMS") Division of the Department of Public Safety of the City. The district court granted the City's motion for summary judgment and the plaintiffs filed this appeal from the final judgment. They contend that the district court erred in considering the motion for summary judgment before they had an opportunity to complete discovery and in granting the motion without determining whether the City had met its burden of showing that it was entitled to judgment as a matter of law. For the reasons that follow, we vacate the district court's summary judgment and remand the case for further proceedings.

I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The plaintiffs in this action are approximately 40 present and former employees of the EMS Division. The division responds to emergency calls from citizens throughout Columbus and Muscogee County. It has eight to ten ambulances available at any given time, half of which are housed in fire stations and half in freestanding EMS buildings. EMS employees work shifts of 24 hours on duty and 48 hours off duty and average 56 hours per week over each four-week pay period.

They are compensated on the same basis as employees of the Fire Services Division and receive overtime pay only for hours worked in excess of 53 per week.

In July, 1995, the plaintiffs filed this action pursuant to the Fair Labor Standards Act[1] ("FLSA"), seeking overtime compensation for all hours worked over 40 per week. In its answer, the City contended, *inter alia,* that it was entitled to a partial exemption from the overtime requirements of the FLSA because the duties of EMS personnel are substantially related to firefighting or law enforcement activities.[2] In September, 1995, prior to the entry of any scheduling or discovery order, the plaintiffs served their first request for the production of documents and first interrogatories to the City. Due to the nature of the issues involved, the plaintiffs needed to examine thousands of pages of payroll records and reports generated relating to each ambulance trip. In its response filed on October 4, 1995, the City noted that some of the requested documents were in preparation and would be attached to its forthcoming motion for summary judgment.

The City moved for summary judgment on November 20, 1995, relying on the affidavits of David W. Arrington, Chief of the EMS Department, Robert T. Futrell, Assistant Chief of the EMS

---

[1] 29 U.S.C. §§ 201-219. The statute provides that, generally, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C § 207(a)(1).

[2] No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities ... if-

      (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours ... in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or

      (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for fours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days, compensation at a rate not less that one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(k).

2

Department, Stan Swiney, Director of the Columbus 911 Center, and James R. Bloodworth, Training/Quality Improvement Officer in the EMS Department. A "spread sheet" purporting to analyze and categorize the work of the plaintiffs and other EMS employees was attached to Arrington's affidavit. The affidavits referred to, and the spread sheet was based on, extensive documentary materials which were not attached to or furnished in support of the affidavits and which had been requested by the plaintiffs. The City's principal contention was that it was entitled to a partial exemption from the overtime requirements because the plaintiffs' work was substantially related to fire or police work in that (1) EMS personnel had received training in the rescue of fire, crime and accident victims as well as firefighters or law enforcement personnel injured in the performance of their duties and (2) EMS personnel were regularly dispatched to fires, crime scenes, riots, natural disasters and accidents.

On December 20, 1995, the plaintiffs served a second request for the production of documents, specifically seeking the documents referred to in the affidavits offered in support of the City's motion for summary judgment, including all records with respect to emergency calls received by the City's 911 Center, all "Monthly Manpower Reports" drafted by Assistant Chief Futrell and all individual shift reports prepared by EMS supervisors. The plaintiffs also filed a motion to defer ruling on the motion for summary judgment pending the completion of discovery. The plaintiffs noted that no discovery scheduling order had been requested by the court pursuant to Local Rule 4.1[3] and, as a result, no specific discovery period had been set by the court or agreed to by the parties.

On January 16, 1996, the plaintiffs noticed the depositions of Arrington, Futrell, Bloodworth and Swiney, among others. The City moved for a protective order to prohibit the taking of the depositions, contending that the plaintiffs were attempting to circumvent the time limits for

---

[3]Local Rule 4.1 of the Middle District of Georgia sets forth the discovery procedure to be followed in a civil case. After the filing of responsive pleadings, "the court by letter may direct all counsel to confer in person ... to develop a proposed discovery plan. The contents of the discovery plan will be described in the court's letter. Within ten (10) days after the meeting, plaintiff's counsel shall submit to the court a proposed, combined order detailing the results of the meeting and the plan for discovery."

responding to the City's motion for summary judgment.[4] The plaintiffs filed a motion to compel the City to proceed with the depositions, which was opposed by the City. There was no further activity until April 22, 1996, when the district court denied the plaintiffs' motion to hold the summary judgment motion in abeyance pending the completion of discovery, finding that there was no good reason for delaying consideration of the motion for summary judgment. By separate order, the court granted the City's motion for protective order, thereby preventing the plaintiffs from proceeding with the depositions, on the ground that the plaintiffs could not use these "late" depositions in responding to the City's motion. While the plaintiffs' motion for reconsideration of those orders was pending, the district court granted the City's motion for summary judgment on May 2, 1996. The plaintiffs filed this timely appeal from the final judgment.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo. Wouters v. Martin County, Florida,* 9 F.3d 924, 928 (11th Cir.1993). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant carries the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). We review the record and all inferences therefrom in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.,* 951 F.2d 1235, 1237 (11th Cir.1992). The district court's decisions concerning discovery are reviewed under an abuse of discretion standard. *Fund for Animals, Inc. v. Rice,* 85 F.3d 535, 542 (11th Cir.1996).

## III. DISCUSSION

*A. Applicable Substantive Law.*

---

[4]Local Rule 3.2 provides that, in responding to motions generally, the respondent shall have 20 days after service of the movant's motion and brief. There is no separate provision for summary judgment or other dispositive motions.

4

The FLSA requires that an employer must generally compensate an employee at the overtime rate for all work performed in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). The statute does permit a partial exemption, however, for employees engaged in law enforcement and fire protection. 29 U.S.C. § 207(k). The regulations permit local jurisdictions to treat EMS personnel like firefighting or police personnel if they "form an integral part of the public agency's fire protection [or law enforcement] activities," 29 C.F.R. § 553.210(a) & .211(b), or if "their services are substantially related to firefighting or law enforcement activities," 29 C.F.R. § 553.215(a).

The City has not maintained that its EMS personnel form an integral part of its fire protection or law enforcement agencies; it has only contended that their services are substantially related to firefighting or law enforcement activities. Under the regulations, the duties of EMS personnel are substantially related to such activities if they

> 1) ... have received training in the rescue of fire, crime, and accident victims or firefighters or law enforcement personnel in the performance of their respective duties, and 2) ... are regularly dispatched to fires, crime scenes, riots, natural disasters, and accidents.

29 C.F.R. § 553.215(a); *see O'Neal v. Barrow County Board of Commissioners,* 980 F.2d 674, 677 (11th Cir.1993).

In this case, it is conceded that the City's EMS personnel have received training in the rescue of fire, crime and accident victims. Therefore, the only disputed issue is whether the City's EMS personnel are regularly dispatched to fires, crime scenes, riots, natural disasters and accidents. In resolving this issue, the district court must first determine which categories of dispatches in the records kept by the employer should be considered exempt. *See O'Neal,* 980 F.2d at 678-79. Then, in ascertaining whether the dispatches to fires, crimes and automobile accidents are regular, the court should look to: 1) the percentage of the EMS Division's total calls that are dispatches to fires, crimes, and automobile accidents; 2) the percentage of total EMS man-hours spent responding to such dispatches; and 3) the percentage of all fires, automobile accidents and police calls to which EMS personnel are dispatched. *Id.* at 679.

5

Even if a local government's EMS personnel satisfy the "substantially related" test, their employer may still not claim the exemption if the EMS personnel spend more than 20% of their time on non-exempt activities. *See Wouters,* 9 F.3d at 929; *O'Neal,* 980 F.2d at 680-82. Under a regulation known colloquially as the "80/20 rule,"

> [e]mployees engaged in fire protection or law enforcement activities ... may also engage in some nonexempt work which is not performed as an incident to or in conjunction with their fire protection or law enforcement activities.... The performance of such nonexempt work will not defeat [the § 7(k) exemption] unless it exceeds 20 percent of the total hours worked by that employee during the workweek or applicable work period.

29 C.F.R. § 553.212(a). While categorizing activities as exempt or nonexempt is sometimes difficult, this court has held that hours spent on medical emergency dispatches, patient transfers and accident scenes unrelated to automobiles are nonexempt. *Wouters,* 9 F.3d at 932. The most critical question may be deciding how to classify those hours the EMS personnel spend at the workplace but are not responding to any calls. *See O'Neal,* 980 F.2d at 681.

Finally, this exemption from the general FLSA requirement that overtime compensation be paid must be narrowly construed against the employer, who bears the burden of proving its entitlement to the exemption. *Wouters,* 9 F.3d at 929; *O'Neal,* 980 F.2d at 677. To defeat an employee suit, "the employer must demonstrate entitlement to an exemption under either the law enforcement or firefighter provisions, and also that the exempt employees work at least 80% of the time in related activities." *Wouters,* 9 F.3d at 932.

*B. Plaintiffs' Contentions.*

The plaintiffs argue that the district court erred in deciding the City's summary judgment motion prior to allowing them to complete discovery, including the review of thousands of pages of essential documents and conducting properly noticed depositions. In response, the City alleges that the plaintiffs have not made the "showing necessary for proffering further evidence to counteract defendant's motion for summary judgment...." By this, the City apparently means that the plaintiffs left themselves open to summary adjudication by not properly responding to its motion.

6

This answer fails to rebut the plaintiffs' charge that they were barred by the court from completing the discovery necessary to adequately respond to the City's motion.

The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion. *See, e.g., Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 870-71 (11th Cir.1988); *WSB-TV v. Lee,* 842 F.2d 1266, 1269 (11th Cir.1988). In *Snook,* this court stated:

> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits.... If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials.... Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

859 F.2d at 870 (citations omitted). In that case, the district court had granted the defendants' motion for summary judgment without ruling on the plaintiffs' motion to compel discovery. This court reversed the judgment and remanded the case for reconsideration of the motion for summary judgment on an adequate record.

In this case as well, the district court summarily denied the plaintiffs' motion to hold the summary judgment motion in abeyance pending the completion of discovery and granted the City's motion for a protective order. As a result, the plaintiffs never had the opportunity to examine all of the documents they had requested or to depose the city officials whose affidavits were offered in support of the motion for summary judgment. Accordingly, we conclude that the district court abused its discretion in deciding the summary judgment motion even though it had allowed the City to block the plaintiffs' efforts to gain the information they needed through the normal discovery process.

The plaintiffs also assert that the procedure followed by the district court in deciding the summary judgment motion was flawed because the court did not first determine whether the City as movant had satisfied its initial summary judgment burden before inquiring whether the plaintiffs had properly responded to the City's motion. According to the plaintiffs, it was necessary for the

7

district court to first determine whether the City had shown that there was no genuine dispute of fact on the questions on which it would bear the burden of proof at trial, i.e., whether EMS personnel are regularly dispatched to certain emergency scenes and whether EMS personnel spend at least 80% of their work time on fire fighting and law enforcement activities. Further, since the City did not establish either of these elements necessary to prevail on its claimed exemption from the FLSA, the district court erred in granting the City's motion for summary judgment. Before us, the City simply states that the plaintiffs are properly classified as having duties substantially related to firefighting and are thus subject to the partial exemption from overtime provisions applicable to firefighters.

In *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991), a panel of this court reversed the entry of summary judgment because the district court had apparently misapplied the burdens on the movant and non-movant in the summary judgment context. Noting that the district court's opinion had discussed only what burden the plaintiffs had and why they had not met it, this court surmised that the district court had changed the summary judgment procedure to place the burden on the party who would have the burden at trial, the plaintiffs. *Id.* at 608. The court stated that the correct procedure is for the district court to determine if the moving party has met its initial burden of demonstrating the absence of any disputes of material fact and its entitlement to judgment as a matter of law. *Id.* at 609.

It appears the district court made the same error in this case. The court did not inquire whether the City had met its initial burden, but focused on whether the plaintiffs had met their burden in opposing the motion. According to the district court, the

> application of Rule 56(c) has a direct adverse impact upon the Plaintiffs in this case who have, in effect, made no factual response whatsoever to the Defendant's motion for summary judgment on a single element of their FLSA claim but rather have contented themselves with a counterargument which is unsupported by any evidence. They are in the same position that they would be in if the case had been brought on for trial and they had rested their case without producing any evidence in support of their allegations, which would subject them to a directed verdict.

(Order dated May 2, 1996, at 3). As in *Clark,* this language improperly shifts the summary judgment burden from the moving party to the non-moving party.

Turning to the merits, the district court's consideration of the evidence offered in support of the City's motion was limited to a single sentence in its brief order:

> The calculation of man hours reflected in the affidavit of the EMS Chief in this case and the work analyses indicated by the affidavit of the Assistant EMS Chief clearly show that the City of Columbus has properly arrived at the conclusion that its EMS Department spends the majority of its exempt time on fire protection and that the overtime hours applicable to fire fighters governs the Plaintiffs' compensation.

(Order dated May 2, 1996, at 4). This finding may support the conclusion that EMS personnel are more like firefighters than law enforcement personnel. It is not, however, a basis for properly resolving the dispositive legal issues in this case, whether EMS personnel are regularly dispatched to certain emergencies and whether they spend at least 80% of their time on firefighting and law enforcement activities.

## IV. CONCLUSION

On remand, the district court should allow the plaintiffs a reasonable period to complete discovery to enable them to properly respond to the City's motion for summary judgment. The court may then conduct further proceedings to determine whether the City has met its burden of proving that the plaintiffs are regularly dispatched to firefighting or law enforcement activities. If so, the district court must further consider whether the plaintiffs spend more than 20% of their working time in nonexempt activities. Accordingly, the district court's grant of summary judgment to the City is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

VACATED and REMANDED.