910 So.2d 876 (2005)
Janet MAGGIO, Appellant,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY and the Agency for Workforce Innovation, Appellees.
No. 2D03-2046.
District Court of Appeal of Florida, Second District.
August 10, 2005.
Rehearing Denied September 21, 2005.
*877 John W. Barkas, Jr., Tampa, for Appellant.
Nancy A. Chad and Jay P. Lechner of Zinober & McRea, P.A., Tampa, for Appellee.

ON REMAND FROM THE SUPREME COURT OF FLORIDA
DAVIS, Judge.
This case is before us on remand from the Florida Supreme Court, which disagreed with our conclusion that Janet Maggio's employment discrimination claims against the Department of Labor and Employment Security and the Agency for Workforce Innovation (collectively "DLES"), were barred by her failure to give presuit notice under section 768.28(6), Florida Statutes (2002). See Maggio v. Dep't of Labor & Employment Sec., 899 So.2d 1074 (Fla.2005); Maggio v. Dep't of Labor & Employment Sec., 869 So.2d 690 (Fla. 2d DCA 2004) (Maggio I).
We write to address the application of the statute of limitations to Maggio's claims, which we had declined to address in Maggio I because our initial determination had rendered that issue moot. However, given the Florida Supreme Court's determination that Maggio's failure to give presuit notice did not bar her claims, we must now address the question of whether the trial court was correct in finding that the applicable statute of limitations served as a bar to her claims.
*878 Maggio filed her action against DLES on December 19, 2001, pursuant to the Florida Civil Rights Act of 1992 ("FCRA").[1] She alleged that DLES committed unlawful employment practices that resulted in discrimination against her on the basis of her handicap. Maggio, who is legally blind, alleged that she had requested and been denied certain accommodations she needed in order to fully perform her duties as a consumer services specialist. She alleged that DLES had discriminated against her by (1) committing specific acts of discrimination between January 15, 1993, and December 19, 1997, and (2) creating a hostile work environment, which arose when her managers humiliated her, intimidated her, or laughed at her because of her disability or permitted others to do so.
DLES moved for summary judgment, alleging, inter alia, that Maggio's claims were barred by the four-year statute of limitations contained in section 95.11(3)(f), Florida Statutes (2002). According to DLES, the statutory period began to run no later than 1996 when Maggio, believing that she was being discriminated against, obtained the assistance of an advocacy group. Thus, DLES argued, by the time Maggio filed her complaint on December 19, 2001, the four-year limitations period had expired. The trial court agreed and granted DLES' motion for summary judgment. We conclude that this was error.
A summary judgment is not proper unless there is an absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Poe v. IMC Phosphates MP, Inc., 885 So.2d 397 (Fla. 2d DCA 2004). Review of an order granting summary judgment is de novo, and we must draw every inference in favor of the party against whom the summary judgment was entered. Id.; see also Brugiere v. Credit Commerciale Fr., 679 So.2d 875, 877 (Fla. 1st DCA 1996).
At the outset, we note that the trial court was correct in its determination that the general four-year statute of limitations contained in section 95.11(3)(f) applied to Maggio's claim. See Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000). However, it was not correct in determining when Maggio's two causes of action accrued, which in turn caused the court to err in determining when the time began to run for Maggio to file her claims.
Because Maggio alleged two different types of discrimination, each involving a different legal analysis and different time considerations, we will consider her allegations separately for purposes of timeliness. We first address Maggio's allegation that DLES committed several discrete discriminatory acts, ranging in time from January 15, 1993, through December 19, 1997. The general rule for the application of a statute of limitations is that the time for filing an action begins to run when the cause of action accrues, and a cause of action is said to accrue when "the last element constituting the cause of action occurs." § 95.031. Maggio suggests that her cause of action accrued when the Florida Commission on Human Relations (FCHR) issued its notification letter to her, informing her of her right to sue DLES.[2] We decline to adopt Maggio's suggestion, however, because we do not believe that FCHR's issuance of its notification *879 letter to Maggio may be considered to be the last element constituting her cause of action as to each of the discrete discriminatory acts that she alleged. Rather, the last element constituting her cause of action as to each of the discrete acts of discrimination occurred at the time that each of the discriminatory acts occurred.
Following that analysis, given the fact that Maggio did not file her complaint until December 19, 2001, exactly four years after the last alleged discriminatory act occurred, her only allegation of a discriminatory act that may be considered timely under the four-year statute of limitations is the allegation that a discrete discriminatory act occurred on December 19, 1997.[3] Because all of the discrete discriminatory acts that allegedly occurred before December 19, 1997, occurred more than four years before Maggio filed her complaint, the trial court did not err in entering summary judgment as to those acts. However, the trial court did err in entering summary judgment against Maggio on the statute of limitations issue as to the December 19, 1997, discrete act of discrimination.
We next turn to the question of whether Maggio's allegation that DLES created a hostile work environment was barred by the statute of limitations. The trial court agreed with DLES that Maggio's claim was barred because she was aware of the allegedly discriminatory situation as early as 1993. However, the case DLES cited in support of that proposition, Jones v. Alcoa, Inc., 339 F.3d 359 (5th Cir.2003), cert. denied, 540 U.S. 1161, 124 S.Ct. 1173, 157 L.Ed.2d 1206 (2004), is not a hostile work environment case; it is a racial discrimination case that was brought under section 1981 based on specific discrete acts of discrimination. See 42 U.S.C.A. § 1981.
Maggio argued, and we agree, that the instant case is controlled by National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), in which the United States Supreme Court concluded that a hostile work environment claim is different from a claim for a discrete act of discrimination because the unlawful practice that results in a hostile work environment cannot be said to have occurred on a specific day; rather, it occurs over a period of time. Moreover, a hostile work environment claim is based on the cumulative effect of several individual discriminatory acts. The Supreme Court concluded that if the complainant could allege a single discrete act of discrimination that occurred within the statutorily defined time period, the claim for hostile work environment could be prosecuted and the incidents that occurred outside the limitations period could be included in the claim as evidentiary support for the hostile work environment claim. Id.
Although Morgan involved a hostile work environment claim in the racial discrimination context under Title VII of the Civil Rights Act of 1964, not a hostile work environment claim involving physical disability or handicap under FCRA, we believe that the same reasoning applies. See Razner v. Wellington Reg'l Med. Ctr., Inc., 837 So.2d 437, 441 (Fla. 4th DCA 2002) *880 (stating that FCRA employment discrimination claims that amount to harassment under the Americans with Disabilities Act, as here, are to be analyzed in accord with Title VII hostile work environment cases).
Applying Morgan to the instant case, we conclude that because Maggio alleged a single discrete act of discrimination within the statutorily permitted four-year time period, her claim for hostile work environment was not barred by the statute of limitations and may include allegations involving incidents that occurred outside of the limitations period. We therefore conclude that the trial court erred in entering summary judgment against Maggio on her hostile work environment claim.
While we affirm that portion of the trial court's order finding that the statute of limitations barred Maggio's claim for discrete discriminatory acts that allegedly occurred before December 19, 1997, we reverse that portion of the order that finds that the statute of limitations barred Maggio's claim for a discrete discriminatory act that allegedly occurred on December 19, 1997. We also reverse that portion of the trial court's order that finds that the statute of limitations bars her hostile work environment claim. Finally, pursuant to Maggio v. Department of Labor & Employment Security, 899 So.2d 1074 (Fla.2005), we also reverse that portion of the trial court's order that dismissed Maggio's claims for failing to comply with the presuit notice requirements of section 768.28(6)(a).
Affirmed in part, reversed in part, and remanded for further hearings consistent with this opinion.
CASANUEVA and SILBERMAN, JJ., Concur.
NOTES
[1] §§ 760.01-.11, Fla. Stat. (2002).
[2] Under FCRA, a person who believes he or she has been aggrieved may file a complaint with FCHR, which has 180 days to investigate the complaint and determine whether reasonable cause exists to believe that a discriminatory practice occurred. FCHR must promptly notify the aggrieved person and the respondent of its decision. If FCHR fails to make such a determination within 180 days, the aggrieved person may proceed as though FCHR found reasonable cause. In the instant case, FCHR did not make a reasonable cause determination; rather, it issued Maggio a letter notifying her of her right to file a civil action.
[3] Pursuant to the rules for calculating time periods, the first day is excluded from the total count. See McMillen v. Hamilton, 48 So.2d 162 (Fla.1950). Thus, the limitations period began running on the day after the last element constituting the cause of action occurred, which meant that the time began to run on Maggio's claim on December 20, 1997.