927 So.2d 995 (2006)
GALAXY FIREWORKS, INC., Appellant,
v.
The Honorable Jeb BUSH, Governor of the State of Florida, and the State of Florida, Appellees.
Itzhak Dickstein, Appellant,
v.
The Honorable Jeb Bush, Governor of the State of Florida, and the State of Florida, Appellees.
Nos. 2D05-2478, 2D05-2479.
District Court of Appeal of Florida, Second District.
April 7, 2006.
Rehearing Denied May 17, 2006.
*996 Steven G. Wenzel of Wenzel & Fenton, P.A., Tampa, for Appellants.
Charles J. Crist, Jr., Attorney General; Christopher M. Kise, Solicitor General; James A. McKee, Deputy Solicitor General; and Samantha B. Hunter, Honors Attorney, Tallahassee, for Appellees.
SALCINES, Judge.
In a consolidated action below, Galaxy Fireworks, Inc., and Itzhak Dickstein filed an inverse condemnation action against the State of Florida and Jeb Bush, the Governor of the State of Florida. The complaint alleged that Executive Order 98-165 deprived the plaintiffs of the opportunity to sell fireworks for the July 1998 fireworks sales season and that the prohibition constituted a compensable taking. The trial court entered a final summary judgment in favor of the defendants and concluded that there had been no seizing, damage, or destruction of the plaintiffs' inventories by the State. This consolidated appeal seeks review of the final summary judgment. We reverse and remand for further proceedings.
A summary judgment is proper only when there is an absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Maggio v. Dep't of Labor and Employment Sec., 910 So.2d 876, 878 (Fla. 2d DCA 2005). This court reviews de novo an order granting summary judgment, and we must draw every inference in favor of the party against whom the summary judgment was entered. Id. at 878.
In the present case, the trial court's entry of summary judgment was error. There was a material issue of fact concerning whether Executive Order 98-165 precluded the transportation of the plaintiffs' supply of fireworks within the state and across the state border. Accordingly, we reverse the final summary judgment in favor of the defendants and remand for further proceedings.
Reversed and remanded.
WHATLEY, J., concurs.
FULMER, C.J., concurs with opinion in which WHATLEY, J., concurs.
FULMER, Chief Judge, concurring.
I agree with the majority that the trial court erred by concluding that there were no disputes of material fact. I write to point out that the trial court's conclusion that the Plaintiffs' property was "incapable of any lawful use" is not supported by the record in this case. Unlike the citrus trees in Department of Agriculture & Consumer Services v. Polk, 568 So.2d 35 (Fla. 1990), the Plaintiffs' inventory of fireworks was not "diseased" or otherwise lacking in marketable value. Further, in my view the law governing business damages in eminent domain proceedings, which the trial court relied on as an alternative basis *997 to grant summary judgment, does not apply to the underlying claim in this case.