971 So.2d 1042 (2008)
Marilyn SCHROETER, Appellant,
v.
CINCINNATI INSURANCE COMPANY, Appellee.
No. 2D05-4516.
District Court of Appeal of Florida, Second District.
January 18, 2008.
*1043 Hans Kennon of Morgan and Morgan, P.A., Orlando, for Appellant.
Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for Appellee.
SALCINES, Judge.
Marilyn Schroeter appeals the final summary judgment entered in favor of Cincinnati Insurance Company on her cause of action for breach of contract. We reverse the summary judgment because there remains a disputed, material issue of fact which must be resolved by the trier of fact.
Ms. Schroeter was involved in an automobile accident on October 2, 2002. At that time she had a policy with Cincinnati Insurance Company, and she informed it of the accident. Immediately after the accident the vehicle was towed to International Motor Cars Inc. in Sarasota for an appraisal and repair estimate. The record contains a "Repair Order" from International Motor Cars dated October 2, 2002, with a notation "Total Loss" in the column designated for part numbers and for the description of repairs to be performed on the vehicle.
Ms. Schroeter's complaint alleged that Cincinnati Insurance breached its contract under the terms of the insurance policy by refusing to declare her vehicle a total loss or to pay for additional necessary corrective repairs. Cincinnati Insurance filed an answer and a motion for summary judgment claiming it had not breached the contract. In the motion for summary judgment, Cincinnati Insurance asserted that it had fully performed under the terms of the contract by directly paying Ms. Schroeter for the cost of the property damage repair to her vehicle because the cost of repairs did not exceed the value of the vehicle. It alleged that it was her election to have the vehicle repaired rather than retaining those funds and selling the salvage of the vehicle.
In her memorandum in opposition to Cincinnati Insurance's motion for summary judgment, Ms. Schroeter disputed these allegations. She testified in her deposition, filed in opposition to the motion for summary judgment, that after the vehicle had been examined by International Motor Cars she was notified by an employee of that company, Ken Walensky, that the vehicle had been declared a total loss. She relayed this information to Michael Mann, the Cincinnati Insurance claims adjuster assigned to her claim. Ms. Schroeter stated in her deposition that Mr. Mann refused to accept International Motor Cars' determination that the car was a total loss and directed her to get a second opinion. Ms. Schroeter declared that she did not want to have her car repaired and only obtained a second opinion at the insistence of Mr. Mann after he refused to declare her vehicle a total loss. Cincinnati Insurance denied that the vehicle was a total loss and claimed the appraisal and estimate for repairs was never completed by International Motor Cars.
This court reviews de novo an order granting summary judgment, and we must draw every inference in favor of the party against whom the summary judgment was entered. See Galaxy Fireworks, Inc. v. Bush, 927 So.2d 995, 996 (Fla. 2d DCA 2006). Based on this standard of review, we hold that there is conflicting evidence *1044 precluding the entry of summary judgment with regard to whether International Motor Cars in fact declared the vehicle to be a total loss and whether Cincinnati Insurance refused to accept that determination and pay the value of the vehicle at the time of the loss in accordance with the terms of the insurance policy.[1] Accordingly, we reverse the final summary judgment and remand for further proceedings.
Reversed and remanded.
LaROSE, J., and STODDARD, RALPH C., Associate Judge, Concur.
NOTES
[1] Ms. Schroeter raised a total of nine issues on appeal. We have determined that there are no material issues of disputed fact concerning the other issues she has raised.