**Lenitamae SMITH, Plaintiff**

v.

**MIAMI–DADE COUNTY, Defendant.**

**Case No. 13–CV–21986–UU.**

United States District Court,
S.D. Florida.

Signed Jan. 17, 2014.

**1288**

Jennifer E. Daley, William Robert Amlong, Alison Leigh Churly, Amlong & Amlong, P.A., Fort Lauderdale, FL, for Plaintiff.

Ezra Saul Greenberg, Miami, FL, for Defendant.

## ORDER

UNGARO, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss. D.E. 37.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed, and is ripe for determination.

## BACKGROUND

The pertinent facts, interpreted in the light most favorable to Plaintiff, are as follows. Plaintiff began working for Defendant as a bus operator in 2005. First Amended Complaint ¶ 16. Due to work-related injuries sustained on January 22, 2007, Plaintiff became unable to work for a period of some months. *Id.* at ¶ 17. She was diagnosed with Myalgia, Myofascitis, Myospasm and Sciatica, and suffered from symptoms including bilateral leg numbness and weakness, right knee pain, and left shoulder soreness. *Id.* at ¶ 20. On November 21, 2007, with Plaintiff still incapacitated, Defendant terminated Plaintiff's employment due to her prolonged absence from work. *Id.* at ¶ 23. Upon her termination, Plaintiff became ineligible for rehire pursuant to Defendant's policy of rejecting employment applications of former employees with "long-term" work absences during the last three years of their employment with Defendant.[1] *Id.* at ¶ 30.

Plaintiff brought a workman's compensation suit against Defendant, which the parties resolved through a settlement agreement executed on September 23, 2009. *Id.* at ¶ 26. While it is unclear when Plaintiff became able to work, Defendant deemed Plaintiff objectively qualified as early as September of 2010. *Id.* at 27–28. However, she was told that she nonetheless remained ineligible pursuant to Defendant's absenteeism policy. *Id.* at ¶ 29–30; D.E. 37–1.

On November 12, 2010, Defendant removed the "ineligible" designation from Plaintiff's personnel documents. *Id.* at ¶ 31. However, Defendant never wavered in its refusal to consider Plaintiff for rehire. *Id.* at ¶ 33–35. Plaintiff's subsequent applications were rejected in November of 2011 and January of 2012, again due to her previous absenteeism.

On March 7, 2012, Plaintiff brought a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which Plaintiff alleged:

"I have been repeatedly refused consideration for reinstatement because of a Miami–Dade Transit policy that prohibits the rehiring of former employees who had long term absences. This policy has a disproportionately adverse and discriminatory impact upon me and others who have disabilities. I have been dis-

---

**1.** Plaintiff quotes Defendant's rehire policy, thereby incorporating the policy into her complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *see*

*Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir.2005) ("[A] document need not be physically attached to a pleading to be incorporated by reference into it.").

criminated against, because of my disability and/or because of the perception of disability. . . ."

*Id.* at ¶ 7. Then, on June 3, 2013, she brought this suit seeking relief under the American with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"), and alleging that Defendant's refusals to rehire her were intentionally discriminatory, and that Defendant's rehire policy has a disparate impact on the disabled. D.E. 28. After Defendant brought a counter-claim alleging that Plaintiff breached the settlement agreement by filing suit, Plaintiff amended her complaint and added a claim for retaliation predicated on Defendant's counter-claim. D.E. 28. Defendant now moves to dismiss all claims. D.E. 39.

## LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint, along with any documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). Factual allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Edwards v. Prime Inc.,* 602 F.3d 1276, 1291 (11th Cir.2010). The Court does not view each fact in isolation, but rather considers the complaint in its entirety. *Tellabs, Inc.,* 551 U.S. at 322, 127 S.Ct. 2499. Conclusory allegations will not suffice to state a claim; the complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). This means that the factual content of the complaint must "allow[ ] the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S.Ct. 1937. Or to put it differently, "[d]ismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards,* 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Systems, Inc.,* 520 F.3d 1308, 1309 (11th Cir.2008)).

## ANALYSIS

Defendant argues that Plaintiff's claims should be dismissed because: (1) Plaintiff fails to state claims upon which relief could be granted; and (2) Plaintiff's claims are untimely. The Court considers each argument in turn.

### Failure to State a Claim

Defendant argues that Plaintiff fails to state any claim upon which relief can be granted.

### Disparate Treatment Claims

 To succeed on a claim for disparate treatment a plaintiff must prove that the defendant acted with discriminatory intent. *See, e.g., Lewis v. City of Chicago, Ill.,* 560 U.S. 205, 214, 130 S.Ct. 2191, 176 L.Ed.2d 967 (2010). Thus, for Plaintiff to succeed on her disparate treatment claims under the ADA or the FCRA, she must prove that her disability actually motivated Defendant's rejections of her applications. *See Raytheon Co. v. Hernandez,* 540 U.S. 44, 52, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003). Plaintiff asserts intentional discrimination, and alleges in support that Defendant refused to rehire Plaintiff due to her past absenteeism despite the fact that she was objectively qualified. This, Plaintiff argues, creates a plausible inference of intentional discrimination.

But Plaintiff alleges that she was ineligible for employment under Defendant's rehire policy, which is facially neutral. And she does not allege that she was exempted

from this policy; though the "would not rehire" designation was removed from her personnel file, Defendant never wavered in its position that Plaintiff was ineligible for the position pursuant to its absenteeism policy. In short, Plaintiff pleads the application of a neutral policy rather than facts from which one could reasonably infer intentional discrimination. Accordingly, Plaintiff fails to state a claim for disparate treatment under either the ADA or the FCRA.

### Disparate Impact Claims

■ To succeed on a claim for disability discrimination under either the ADA or the FCRA, a plaintiff must prove that he had a disability when the defendant engaged in the discriminatory act. 42 U.S.C. § 12112 and § 12132; Fla. Stat. § 760.10(1). "Disability" is defined as: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1); *see* *Greene v. Seminole Elec. Co-op., Inc.,* 701 So.2d 646, 647 (Fla. 5th DCA1997) ("[T]he Act should be construed in conformity with the Rehabilitation Act and the American with Disabilities Act and related regulations."); *Razner v. Wellington Reg'l Med. Ctr., Inc.,* 837 So.2d 437, 441 (Fla. 4th DCA 2002) (same). Plaintiff alleges that she was disabled in 2010, 2011, and 2012, because she suffered from a physical impairment that substantially limited a major life activity, and/or because Defendant perceived that she was disabled.

While Plaintiff has adequately plead a perceived disability, she has failed to sufficiently allege that she in fact was disabled within the meaning of the ADA in 2010, 2011, or 2012. Instead, she merely asserts that Defendant's refusal to rehire her despite the fact that she was qualified to work "evidences that [she] was ... in fact impaired in the major life activities of working, walking, bending, lifting and standing...." D.E. 28 ¶ 46. This is unreasonably speculative, at the very least. Accordingly, Plaintiff may not proceed under a theory of actual disability, and is limited to pursuing liability based on her perceived disability.

### Retaliation Claim

■ The ADA provides that "no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge ... under [the ADA]." 42 U.S.C. § 12203(a). "To establish a *prima facie* case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) an adverse employment action; and (3) a causal link between the protected expression and the adverse action." *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1287 (11th Cir.1997). Defendant moves to dismiss Plaintiff's retaliation claim, arguing that she does not adequately allege that the counter-claim constituted an "adverse employment action."

■ In the context of an alleged retaliatory counterclaim, a plaintiff must prove that the counterclaim: (1) was filed with a retaliatory motive; and (2) lacks a reasonable basis in fact or law. *See Hill v. Lazarou Enterprises, Inc.,* 10–61479–CIV, 2011 WL 1331272 (S.D.Fla. Mar. 17, 2011) *report and recommendation adopted,* 10–61479–CIV, 2011 WL 1321570 (S.D.Fla. Apr. 6, 2011); *Ramos v. Hoyle,* No. 08–21809–CIV, 2009 WL 2151305, at *8 (S.D.Fla. Jul. 16, 2009); *Munroe v. PartsBase, Inc.,* No. 08–80431–CIV, 2009 WL 413721, at *8 (S.D.Fla. Feb. 18, 2009). While Plaintiff alleges that the counterclaim was motivated by retaliation, she wholly fails to allege that it lacks a reasonable basis in fact or law. Accordingly,

Plaintiff has failed to allege an "adverse employment action" sufficient to support a claim for retaliation.

*Timeliness*

██ The Parties do not dispute that Plaintiff's claims are each subject to a four-year statute of limitations. *See* Fla. Stat. § 95.11(3)(f); *Maggio v. Dep't of Labor & Employment Sec.,* 910 So.2d 876, 878 (Fla. 2d DCA 2005) (applying the four-year statute of limitations contained in Fla. Stat. § 95.11(3)(f) to FCRA claims); *Everett v. Cobb Cnty. Sch. Dist.,* 138 F.3d 1407, 1409 (11th Cir.1998) (determining the applicable statute of limitations for an ADA claim by reference to the most analogous state statute of limitations). Defendant, however, argues that Plaintiff's disparate impact claims are barred by the statute of limitations because the policy first affected Plaintiff more than four years before Plaintiff filed suit.

In support, Defendant cites to *Burnam v. Amoco Container Co.,* in which the Eleventh Circuit held that "a failure to rehire subsequent to an allegedly discriminatory firing, *absent a new and discrete act of discrimination in the refusal to rehire itself,* cannot resurrect the old discriminatory act." 755 F.2d 893, 894 (11th Cir.1985) (emphasis added). The Court's interpretation of *Burnam* is informed, if not controlled, by subsequent Supreme Court precedent.

In *Lewis v. City of Chicago,* the Supreme Court held that a claim predicated on the application of a discriminatory practice was timely notwithstanding that the adoption of that practice occurred beyond the limitations period. 560 U.S. 205, 214, 130 S.Ct. 2191, 176 L.Ed.2d 967 (2010). Because the plaintiff pursued liability under a theory of disparate impact, which

does not require a showing of discriminatory intent, each application of the practice constituted a "present violation" that began an independent limitations period. *Id.* Plainly, then, Plaintiff's disparate impact claims are not time barred, as each application of Defendant's rehire policy constituted a "present violation" that began an independent limitations period. Or to use the language of *Burnam,* each rejection was a discrete act of discrimination.

Defendant argues that this interpretation of *Burnam* would allow applicants to "extend" the limitations period indefinitely by continually reapplying for employment. But employers can prevent the accrual of new claims simply by ceasing discriminatory practices, which is the purpose of both the ADA and the FCRA. Accordingly, none of the Plaintiffs claims are barred by the four-year statute of limitations. However, because neither Party disputes that Plaintiff's March 7, 2012, EEOC charge covers conduct only as far back as March 7, 2011, she may not recover for Defendant's alleged discrimination in 2010 under Title I of the ADA or under the FCRA.[2]

### *CONCLUSION*

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, (D.E. 37), is GRANTED IN PART and DENIED IN PART. Counts I–III and Count VII of Plaintiff's Complaint are DISMISSED WITHOUT PREJUDICE. Counts IV–VI are limited as herein stated. Further, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment, (D.E. 39), is DENIED AS PREMATURE.

---

2. Title II of the ADA does not require exhaustion of administrative remedies. *Bledsoe v.* *Palm Beach Cnty. Soil & Water Conservation Dist.,* 133 F.3d 816, 824 (11th Cir.1998).

See *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir.1997) ("[T]he party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."). The Court cautions Defendant to comply with Local Rule 56.1 by accompanying any future motion for summary judgment with a separate statement of facts.

DONE AND ORDERED.