[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2008
THOMAS K. KAHN
CLERK

No. 07-15815
Non-Argument Calendar

_____

D. C. Docket No. 06-01320-CV-J-S

LEROY ANDREW WASHINGTON,

Plaintiff-Appellant,

versus

BELLSOUTH TELECOMMUNICATIONS, INC.,
GREIG TOOLEY,
C. RANDY BEECH,
PATRICIA J. COOPER,
COMMUNICATION WORKERS OF AMERICA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 8, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Leroy Andrew Washington, an African-American male, appeals, through counsel, the entry of summary judgment in favor of BellSouth, his former employer, on his claims of employment discrimination based on race and retaliation, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a), and 42 U.S.C. § 1981, and for breach of contract under state law.

BellSouth originally terminated Washington in January 2005 for work performance reasons. The parties later resolved that dispute by entering into an agreement whereby Bell South allowed Washington to temporarily enter into a job bank classification and retire with full benefits. In exchange, Washington released all of his claims against BellSouth, including employment discrimination ones, which accrued prior to March 2, 2005. The present suit arose after Washington unsuccessfully applied for other positions with BellSouth following execution of the agreement.

On appeal, Washington argues that summary judgment was not appropriate because evidence showed that BellSouth discriminated or retaliated against him by: (1) terminating him, originally, in January 2005; and (2) refusing to rehire him later. Before the district court and on appeal, he has suggested that the earlier

2

settlement agreement does not foreclose either of these claims. Finally, he argues that he is entitled to recover, under state law, for BellSouth's breach of duties imposed by that agreement. We will address each of these points in turn.

**I.**

We review a district court's grant of summary judgment de novo, viewing the record and drawing all inferences in favor of the non-moving party. *Fisher v. State Mut. Ins. Co.*, 290 F.3d 1256, 1259-60 (11th Cir. 2002). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990) (internal quotation marks omitted).

"A party opposing a properly submitted motion for summary judgment may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted; alteration omitted). "All evidence and reasonable factual inferences therefrom must be viewed against the party seeking summary judgment." *Id.* "A mere scintilla of evidence in support of the nonmoving party will not suffice to

overcome a motion for summary judgment." *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

## II.

Title VII states, in pertinent part, that it is unlawful for an employer "to fail or refuse to hire" any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race or color. 42 U.S.C. § 2000e-2(a). Title VII also prohibits employers from retaliating against employees for engaging in certain protected activities. 42 U.S.C. § 2000e-3(a). A similar proscription against discriminating on the basis of race appears in 42 U.S.C. § 1981, and the test for discrimination under § 1981 is the "same as the formulation used in Title VII discriminatory treatment causes." *Brown v. Am. Honda Motor Co., Inc.*, 939 F.2d 946, 949 (11th Cir. 1991).

Normally, to establish a prima facie case of failure to hire, the plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for and applied for the position; (3) he was not considered for the position despite his qualifications; and (4) equally or less qualified individuals outside of his protected class were hired for the position. *Underwood v. Perry County Comm'n*, 431 F.3d 788, 794 (11th Cir. 2005) (per curiam).

4

A failure to *rehire*, however, "subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act." *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985) (per curiam). "A simple request for reinstatement seeks to redress the original termination." *Id.* (internal quotation marks omitted). Where the plaintiff "was not trying to resurrect a time-barred discriminatory discharge claim . . . . the release [of prior then existing claims] did not waive [plaintiff's] right to sue for . . . subsequent post-termination conduct." *Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1311 n.7 (11th Cir. 2001). Similarly, it was error for a district court to grant a summary judgment motion on a failure to rehire claim where "the original termination claim was not untimely and the failure to rehire claim [was] not being used to resurrect an untimely termination claim." *Stewart v. Booker T. Wash. Ins.*, 232 F.3d 844, 850 n.3 (11th Cir. 2000).

By contrast, to show retaliation, a plaintiff must establish that: (1) he engaged in statutorily protected expression; (2) his employer subjected him to an act that would have been materially adverse to a reasonable employee or job applicant; and (3) there is some causal relation between the two events. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) (announcing "materially adverse" element); *Brochu v.*

5

*City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002).  An employer's refusal to hire is a materially adverse action.  *See White*, 548 U.S. at 67, 126 S. Ct. at 2414 (holding "scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm").

### III.

A plaintiff may establish his case through circumstantial evidence, using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas*.  *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272-73 (11th Cir. 2002) (per curiam).  Under *McDonnell Douglas*, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that he has satisfied the elements of his prima facie case.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973).  If a prima facie case is established, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision.  *Id.*  If articulated, the plaintiff must show that the defendant's reason was pretextual.  *Id*. at 804, 93 S. Ct. at 1825.  The employer's articulated reason is legitimate as long as it is honestly and reasonably held.  *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

If a plaintiff makes a prima facie showing of discrimination, and the

6

employer offers a legitimate, nondiscriminatory reason for the employment action, the plaintiff must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were pretextual. *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997) (per curiam). To show pretext, the plaintiff must present sufficient evidence "to permit a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). Conclusory allegations, without more, are insufficient to show pretext. *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996). Instead, the plaintiff must meet the proffered reason "head on and rebut it." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

Upon review of the pleadings, and upon consideration of the parties' briefs, we find no reversible error.

First, the district court was correct to find the release covered any claims seeking to indirectly challenge matters already waived. Thus, summary judgment was appropriate as to all pre-March 2005 claims,[1] and to any of his post-March

---

[1]We note that Washington acknowledges in his brief before us that "if valid, the plain language of the release limits it to events prior to its signing," which supports our conclusion in this regard. We also note that he argues for the first time on appeal that the release is not enforceable because it was not knowing or voluntary. We will not consider this claim. *Hurley v. Moore*, 233

2005 claims that simply sought to revive his earlier termination-based challenge.

Second, even if we assume that the release itself did not preclude Washington from challenging BellSouth's refusal to rehire him, Washington failed to show that BellSouth acted improperly. With respect to discrimination, Washington did not make out a prima facie case. Washington provided no evidence establishing that "equally or less qualified individuals outside of [his] protected class were considered or hired for [his] position"—a key element of a prima facie case of discrimination for failure to hire. *Underwood v. Perry County Comm'n*, 431 F.3d 788, 794 (11th Cir. 2005). With respect to retaliation, even if Washington satisfied the prima facie case for retaliation, BellSouth provided a legitimate, non-discriminatory reason for not hiring him, i.e., Washington's prior disciplinary record. Washington provides no evidence refuting the disciplinary actions he received. In this case, Washington's allegation of temporal proximity is insufficient evidence of pretext to overcome BellSouth's legitimate, non-discriminatory reason. *See Wascura v. City of S. Miami*, 257 F.3d 1238, 1247 (11th Cir. 2001) (affirming summary judgment for employer where legitimate reasons for the termination decision were offered by the defendant and employee presented virtually no evidence, other than temporal proximity of the events).

---

F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court.").

8

Finally, we conclude that Washington did not show that BellSouth breached any contractual duties. BellSouth complied fully with the release by reinstating Washington to a job bank classification for 40 weeks, allowing him to retire with 30 years service, and providing termination pay. What Washington argues as breaches were not part of the release. Accordingly, we affirm.

**AFFIRMED.**