

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2008

# McKenna v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4759

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"McKenna v. Philadelphia" (2008). *2008 Decisions.* Paper 196.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4759
_____

WILLIAM K. MCKENNA,

Appellant,

v.

CITY OF PHILADELPHIA;
SYLVESTER JOHNSON;
THREE JOHN AND JANE DOES,

Appellees

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-01705)
District Judge: Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2008

Before: FUENTES, HARDIMAN, GARTH, *Circuit Judges*.

(Filed: November 25, 2008 )

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

William McKenna appeals a summary judgment entered against him on all of his civil rights claims against the City of Philadelphia and others. We will affirm.

I.

Although we write for the parties alone in this not precedential opinion, the prolix nature of this and a related case in the same court requires us to review at some length the procedural history.

In 1999 several Philadelphia police officers, including McKenna, brought claims against Philadelphia and others under 42 U.S.C. §§ 2000e (Title VII), 1983, and 1981. The plaintiffs alleged discrimination and/or retaliation for opposing racially discriminatory practices of the Philadelphia Police Department. *See Moore v. City of Philadelphia,* No. 99-1163, Memorandum and Order Granting Summary Judgment for Defendants (E.D. Pa. Jan. 16, 2003). We will refer to this case as *McKenna I.*

In this first action, McKenna's claims were based entirely on allegedly retaliatory actions taken against him during his employ. Specifically, McKenna alleged that he was pervasively ostracized by other officers and subjected to excessive and harassing surveillance while on sick leave. *McKenna I*, at 15-17. In addition, McKenna stated in a deposition that after the filing of the lawsuit, a sign with his photograph was posted in his station house stating that he should not be admitted to the premises.

In 2001 McKenna attempted to amend his complaint to add a wrongful termination claim under §§ 1981 and/or 1983. *See Moore v. City of Philadelphia*, No. 99-1163, Order Denying Plaintiff's Motion to Amend Complaint (E.D. Pa. Oct. 25, 2001). The District Court denied the motion because the two-year statute of limitations had run and the claim did not relate back to McKenna's original, timely-filed claims. *Id.*

In 2003 the District Court granted defendants summary judgment on all claims and plaintiffs appealed to this Court. *Moore v. City of Philadelphia*, 461 F.3d 331 (3d Cir. 2006). Significantly, neither McKenna nor his fellow plaintiffs appealed the District Court's denial of their wrongful termination claim.

In April 2006, while *McKenna I* was pending on appeal, McKenna filed a *pro se* complaint in the District Court, again alleging retaliation for his opposition to racial discrimination in the Police Department. This is the case before us today, to which we will refer as *McKenna II*. The complaint in *McKenna II* alleged facts which had been at issue in *McKenna I* – general harassment including the posting of McKenna's photograph in the station house – but did not mention McKenna's claims for termination or excessive sick leave surveillance.

In August 2006, a panel of this Court reversed the District Court's grant of summary judgment in *McKenna I* and remanded for trial, but only with respect to plaintiffs' Title VII retaliation claim. *Moore*, 461 F.3d at 352-53. Some three months later, now with the assistance of counsel, McKenna filed an amended complaint in

3

*McKenna II* alleging: (1) Title VII retaliation; (2) retaliation under § 1983; (3) denial of state constitutional rights without due process under the Fourteenth Amendment and § 1983; and (4) intentional infliction of emotional distress under state law. In support of his retaliation claims, McKenna alleged for the first time that his termination and the posting of the sign with his photograph in his station house constituted adverse employment actions.

After *McKenna I's* Title VII retaliation claim was remanded by this Court, McKenna sought to include additional claims in that case. He argued that a separate retaliation claim under § 1983 should be added because his opposition to discrimination constituted protected speech under the First Amendment. The District Court rejected McKenna's attempt to cast his existing legal claim in this new light. *Moore v. City of Philadelphia*, No. 99-1163, 511 F. Supp. 2d 518 (E.D. Pa. 2007) (finding that § 1983 claim was time-barred and did not relate back to the original complaint).

The District Court also held that McKenna could not recover damages on the Title VII retaliation claim based on his termination, stating: "To the extent that the plaintiffs now wish to pursue damages for their wrongful termination, even as part of their existing claims, they will need to show that pursuing these new claims will not cause undue or prejudicial delay." *Id.* at 528. "Given that this case is otherwise ready to proceed to trial . . . [and] that the plaintiffs could have raised the issue of their terminations at any point

4

earlier in this litigation," the District Court deemed the plaintiffs' "eleventh-hour request to interject new claims and new damage theories" prejudicial. *Id.*

The last piece of the puzzle fell into place when the District Court dismissed *McKenna II* as duplicative of *McKenna I*. *McKenna v. City of Philadelphia*, No. 06-1705, 2007 WL 4190687 (E.D. Pa. Nov. 21, 2007). In doing so, the District Court relied on *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977), which prohibited a plaintiff from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton* requires district courts to "carefully insure[] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Id.* at 71. "In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *Id.* It is this ruling that McKenna has appealed and to which we now turn.[1]

II

We must first decide whether the District Court correctly ruled that *McKenna I* and *McKenna II* "involve[d] the same subject matter at the same time and in the same court and against the same defendant." *Walton*, 563 F.2d at 70. If the two cases are governed

---

[1] We note that *McKenna I* proceeded to trial and, on May 14, 2008, a judgment of $10 million was entered by the District Court in favor of plaintiffs, including McKenna.

5

by *Walton*, we must decide whether dismissal with prejudice was proper. If it was improper, we must decide whether the District Court's ruling can be upheld on other grounds.

A.

*Walton* applies when two cases: (1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter. At issue here is only whether the subject matter of both suits can be described as "the same."

Parallel complaints need not be completely identical to fall under *Walton*, which proscribes "*substantially* identical complaints." *Walton*, 563 F.2d at 71 (emphasis added). In *Walton*, the original complaint alleged race and gender discrimination under Title VII and expressly waived trial by jury. *Id.* at 69-70. The second complaint added a claim for "emotional and mental injury" and sought compensatory damages as well as a jury trial. *Id.* at 70. These differences were not sufficient to allow Walton to proceed with both suits.

McKenna concedes "there are similarities" between *McKenna I* and *McKenna II*, but contends that *Walton* does not apply for two reasons. First, *McKenna I* involves a Title VII retaliation claim based on McKenna's opposition to illegal discrimination, while *McKenna II* involves a § 1983 retaliation claim on account of McKenna's free speech under the First Amendment. Second, McKenna argues that his termination is at issue in

6

*McKenna II* but not in *McKenna I*.[2] We do not find these differences significant enough to distinguish the two cases under *Walton*.

First, the difference between the retaliation claims is purely semantic. McKenna's attempt to distinguish between his right to report unlawful discrimination under Title VII and his right to free speech under the First Amendment and § 1983 is strained. Whether McKenna bases his claim on Title VII or on § 1983, he relies on the same operative facts and legal principles, *viz.,* the defendants retaliated against him for reporting unlawful discrimination. Nor does he point to any particular conduct that could be considered a separate transaction or occurrence beyond the scope of *McKenna I*. In sum, recasting McKenna's Title VII claim as a First Amendment claim does not render *Walton* inapposite.

Second, McKenna's attempt to expand the scope of damages to cover his wrongful termination is analogous to Walton's attempt to recover compensatory damages in her second complaint. Doing so did nothing to change the fact that Walton's second complaint was little more than a thinly veiled attempt to circumvent the procedures for amending her first complaint. The same is true for McKenna. Having failed to appeal the

_____

[2] *McKenna II* also differs in that McKenna added § 1983 due process and intentional infliction of emotional distress claims. However, the District Court did not consider these claims relevant in its analysis and McKenna seems to agree, confining his argument on appeal to the distinctions between his retaliation claims and the issue of his termination.

District Court's adverse judgment on the termination claim in *McKenna I*, McKenna

cannot revive that claim in this case.

B.

Because *McKenna I* and *McKenna II* involve the same subject matter, *Walton*

applies and the District Court should have stayed *McKenna II*, dismissed it without

prejudice, or consolidated it with *McKenna I*. *Walton*, 563 F.2d at 70-71. Instead, the

District Court dismissed *McKenna I* with prejudice.

The District Court was bound by *Walton* to "insure[] that the plaintiff does not use

the tactic of filing two substantially identical complaints to expand the procedural rights

he would have otherwise enjoyed . . . [including] filing duplicative complaints for the

purpose of circumventing the rules pertaining to the amendment of complaints." *Walton*,

563 F.2d at 71. This appears to be exactly what McKenna was trying to do insofar as the

District Court had already denied his motion to amend the *McKenna I* complaint to add a

wrongful termination claim.[3] McKenna admits that the *McKenna II* complaint was

specifically intended to "address[] a denial to amend." Appellant's Br. at 13. The

manner in which McKenna chose to "address" the denial of his motion to amend is

exactly what *Walton* prohibits. As the District Court aptly noted:

---

[3] Furthermore, McKenna moved to amend the *McKenna I* complaint to include the § 1983 retaliation claim and damages for termination within a month of amending the *McKenna II* complaint to include the same claims.

8

> McKenna has already sought to amend the complaint in his first-filed suit to add claims similar to those in this suit. Although this Court has denied the motion to amend, Mr. McKenna has filed a motion for reconsideration of that decision which remains pending. Under *Walton*, this motion practice in his first-filed suit is the only means for Mr. McKenna to seek to bring his additional allegations before the Court.

*McKenna II* Dismissal Order at 7. For the reasons stated by the District Court, the cases should not have been consolidated.

Had the District Court stayed *McKenna II* or dismissed it without prejudice, McKenna theoretically could have proceeded forward upon the final disposition of *McKenna I.* However, his attempt to resume or replead the § 1983-First Amendment claim would have been thwarted by *res judicata*, which prohibits relitigation of claims that have been, or could have been, decided on the merits. *Mullarkey v. Tamboer*, 536 F.3d 215, 225 (3d Cir. 2008). For *res judicata* purposes, "denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action." *Prof. Mgmt. Assoc. Inc. v. KPMG LLP*, 345 F.3d 1030, 1031 (8th Cir. 2003). *See also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4439 n.16 (2008) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139-40 (2d Cir. 2000), for the proposition that denial of leave to amend has preclusive effect only when denial is based on the merits).

The District Court properly rejected McKenna's repeated attempts to add new § 1983 claims to *McKenna I* because they were untimely, in effect constituting a ruling on

9

the merits.  Accordingly, McKenna's attempts to add the same claims in *McKenna II* fail as well.[4]

C.

*Walton* did not prescribe a stay or dismissal without prejudice merely to delay duplicative litigation.  Rather, the procedures it outlines for handling duplicative litigation recognize the boundaries and effect of the preclusion doctrine.  *See Walton*, 563 F.2d at 71 n.4 (noting that if the lower court had dismissed without prejudice, "[o]nce final judgment was entered in the first action, res judicata would have barred the second action").

Here, the District Court properly ruled that McKenna missed his opportunity to litigate damages related to his termination years ago.  If *McKenna II* had been filed after final judgment was entered in *McKenna I*, then issue and claim preclusion would apply and *Walton* would not apply.  But *res judicata* and collateral estoppel apply only to final judgments, and *Walton* was intended to fill the gap when duplicative claims are brought in the course of ongoing litigation.  Although the District Court should have stayed

---

[4] Any attempt to relitigate the extent of damages to which McKenna is entitled on his Title VII claim would likewise be barred by collateral estoppel, which provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d. Cir. 2000) (citation and quotation marks omitted).  Consequently, McKenna would not be able to recover damages for his termination in subsequent litigation.

10

McKenna's duplicative suit or dismissed without prejudice, the end result is the same because *McKenna I* now precludes the duplicative claims from being relitigated.

For the foregoing reasons, we will affirm the judgment of the District Court.