**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1767
_____

WILLIAM K. MCKENNA,
                    Appellant

v.

CITY OF PHILADELPHIA; SHELLEY R. SMITH, CITY SOLICITOR;
MAYOR MICHAEL NUTTER; 3 JOHN DOE'S; 3 JANE DOE'S, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-07092)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2014

Before:  CHAGARES, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 5, 2014)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Pro se appellant William McKenna appeals the District Court's order granting summary judgment to the City of Philadelphia, Mayor Michael Nutter, and City Solicitor Shelley Smith on his claim that the defendants refused to reinstate him to his position as a police officer in retaliation for his maintaining a successful federal action against the City. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). For the reasons detailed below, we will affirm the District Court's judgment.

This case is the third employment-related action that McKenna has instituted against the City and its officials and employees. First, in March 1999, McKenna filed a complaint in federal court alleging that employees of the Philadelphia Police Department took discriminatory and retaliatory actions against white police officers, like himself, who complained about the mistreatment of black officers. While that action was pending, McKenna was fired for failing five sick checks;[1] an arbitrator upheld that termination. More than two years later, McKenna sought to amend his complaint to add a wrongful-termination claim, but the District Court denied his request, concluding that the claim was time-barred. McKenna's case proceeded to trial, and a jury found that the defendants had unlawfully retaliated against him in a number of ways; McKenna was ultimately awarded $300,000. The parties filed cross appeals, with McKenna challenging the District Court's refusal to permit him to amend his complaint to attack his

---

[1] As the District Court explained, "While on medical leave, McKenna was subject to 'sick checks,' in which supervisors would visit his house and confirm he was there." McKenna v. City of Philadelphia, Civ. A. No. 98-5835, 2010 WL 2891591, at *3 (E.D. Pa. July 20, 2010).

termination. This Court affirmed. See McKenna v. City of Phila., 649 F.3d 171, 173 n.1 (3d Cir. 2011). (We will refer to this action as McKenna I.)

Soon after the District Court denied McKenna's motion to amend, and while McKenna I remained pending in the District Court, McKenna filed a second complaint, again challenging his termination. The District Court dismissed the complaint as duplicative of McKenna I. McKenna appealed, and we affirmed, noting that the Court would not permit him to "revive [the wrongful-termination] claim in this case." McKenna v. City of Phila., 304 F. App'x 89, 93 (3d Cir. 2008). (We will refer to this action as McKenna II).

In June 2012, soon after the jury returned a verdict in McKenna I — but despite failing to mount a successful challenge to his termination — McKenna wrote a letter to Mayor Nutter asking to be reinstated as a police officer. Mayor Nutter denied McKenna's request and directed him to Solicitor Smith, who likewise declined to seek McKenna's reinstatement. McKenna then filed his third action, which is at issue in this appeal. Relying on Title VII and the Pennsylvania Human Relations Act (PHRA), McKenna alleged that the defendants had refused to reinstate him in retaliation for his filing and prevailing in McKenna I.[2]

The parties took discovery, and the defendants then moved for summary judgment. The defendants presented evidence, which McKenna did not meaningfully

---

[2] McKenna also alleged that the defendants had improperly provided false information to prospective employers. He has not raised any claims of error concerning the District Court's disposition of that claim, however, so we will not address it here. See, e.g., United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

3

challenge, that Philadelphia Civil Service Regulation 15.03 prohibits the reinstatement of an employee who was involuntarily terminated, and that Mayor Nutter and Solicitor Smith lacked the authority to reinstate him in the face of that regulation. Based on this evidence, the District Court granted the defendants' motion. McKenna then filed a timely notice of appeal to this Court.

We discern no error in the District Court's disposition of this case. As an initial matter, McKenna has not presented a viable retaliation claim under Title VII[3] concerning the defendants' refusal to reinstate him. Courts have repeatedly recognized that "an employee may not extend or circumvent the limitations period by requesting modification or reversal of an employer's prior action." Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 131 (1st Cir. 2009). This general rule applies with full force to failure-to-reinstate claims: as we recognized in another context, "[a] discharged employee who seeks to be reinstated is really litigating the unfairness of his original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer." NLRB. v. Textile Mach. Works, 214 F.2d 929, 932 (3d Cir. 1954). Thus, to successfully challenge the reinstatement decision, McKenna must show that the defendants' refusal to reinstate him involved a "new" illegal act "separate from the original discharge." EEOC v. City of Norfolk Police Dep't, 45 F.3d 80, 84 (4th Cir. 1995) (quotation marks omitted); see generally EEOC v. Hall's Motor Transit Co., 789 F.2d 1011, 1015 (3d Cir. 1986).

---

[3] The parties agree that McKenna's PHRA claim is governed by the same standards as his Title VII claim, so we will not address the PHRA claim separately. See, e.g., Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 317 n.3 (3d Cir. 2000).

4

McKenna has presented no evidence that would allow a reasonable juror to find a separate act of retaliation. McKenna has not meaningfully challenged the defendants' assertion that Regulation 15.03 bars his reinstatement, and he does not argue that the defendants have failed to apply the regulation to other individuals who were terminated. Cf. City of Norfolk Police Dep't, 45 F.3d at 84. Rather, he relies on the same allegations of retaliation — unhappiness about McKenna I — that he claimed caused his termination. McKenna cannot, in this way, "resurrect" his time-barred wrongful-termination claim. Burnam v. Amoco Container Co., 755 F.2d 893, 894 (11th Cir. 1985) (per curiam).

Moreover, even assuming that McKenna has stated an actionable claim concerning the defendants' refusal to reinstate him, we agree with the District Court that the defendants are entitled to judgment in their favor. We will assume, like the District Court, that McKenna has established a prima facie case of retaliation. The burden thus shifts to the defendants to "articulate some legitimate, nondiscriminatory reason" for their refusal to reinstate McKenna. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). As the District Court concluded, the defendants carried this burden: they presented undisputed evidence that Civil Service Regulation 15.03 prohibits the reinstatement of individuals, like McKenna, who were involuntarily terminated. Thus, the burden shifts back to McKenna "to establish that the employer's proffered justification for the adverse action is pretextual." Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009).

On appeal, McKenna seeks to make this showing in two ways. First, he argues that Regulation 15.03, "a lowly municipal regulation[,] cannot trump a federal or state

5

anti-retaliation statute." Appellant's Br. at 22. Contrary to McKenna's claim, however, the regulation does not somehow contradict the antidiscrimination statutes; it merely provides a legitimate, nondiscriminatory explanation for the defendants' refusal to reinstate him (after he failed to successfully challenge his termination). See, e.g., Sarullo v. U.S. Postal Serv., 352 F.3d 789, 801 (3d Cir. 2003) (accepting U.S. Postal Service "policy against rehiring an employee who is terminated with cause" as a legitimate, nondiscriminatory reason for action).

Second, McKenna argues that because a jury found that he suffered retaliation in the past, a reasonable finder of fact could conclude that the defendants had, in fact, retaliated against him here. However, McKenna has presented no evidence to suggest that the same individuals who previously retaliated against him were involved in the decision not to reinstate him. See Weigel v. Baptist Hosp. of E. Tenn., 302 F.3d 367, 379 (6th Cir. 2002). Moreover, the defendants presented evidence, which McKenna has not rebutted, that Regulation 15.03 prohibited them from rehiring him, and McKenna has thus failed to present sufficient evidence for a reasonable juror to conclude that McKenna I was a but-for cause of the defendants' refusal to reinstate him. See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2532 (2013) (noting that it would be inconsistent with "both the text and purpose of Title VII" to allow a plaintiff to recover on a retaliation claim based on one employer's alleged retaliatory motive when an affiliation agreement required the employer to act in the way that it did); see generally Delaney v. Bank of Am. Corp., 766 F.3d 163, 168 n.2 (2d Cir. 2014).

6

Accordingly, we will affirm the District Court's judgment for the reasons herein above stated as well as the reasons so well set forth in the comprehensive opinion dated February 28, 2014 rendered by District Court Judge Davis.